KATHRYNE WIDAMAN LOVE v. J. M. WHITE, Administrator with Will Annexed of the Estate of· ANNIE E. VAUGHN, Appellant.—154 S. W. (2d) 759.

Division Two, October 25, 1941.

*Baker & Baker* for appellants.

*George P. Adams* for respondent.

642

■ BARRETT, C.—J. M. White, Administrator with will annexed, appeals from a judgment of the Circuit Court of Montgomery County decreeing Kathryne Widaman Love to be the adopted daughter and heir of Annie E. Vaughn, deceased.

The respondent's petition alleged, and for the purpose of this opinion we may assume that the proof showed, that she was the adopted daughter of Annie E. Vaughn and her only heir at law; that she was not named or provided for in her will. She asked to be adjudged the adopted daughter and sole heir of the deceased and that upon final settlement she receive the entire estate which consists of both real and personal property.

Annie E. Vaughn's will devised one piece of land in Wellsville to her nephew, Charles Penn,. and to her niece, Lula Penn, and another tract to the nearest relatives of her deceased husband. Specific bequests were made to the Wellsville Cemetery Association, the High Hill Cemetery Association, the Christian Church of Wellsville and the Christian Church of High Hill. The residuary legatee and devisees were her "nearest relatives."

The above-named people and organizations and fifty-six other persons as the remaining heirs at law and residuary legatees were made parties defendant to the suit and were served with process. After a trial and decree in favor of the respondent, Kathryne Widaman Love, J. M. White as administrator, the two cemetery associations and the two churches filed a motion for a new trial. Upon the overruling of the motion "J. M. White, Administrator" filed his application and affidavit for an appeal. The cause was transferred to this ■ court by the St. Louis Court of Appeals for the reason that title to real estate is involved. [Love v. White, Adm., 150 S. W. (2d) 494.]

It will be observed from the foregoing that none of the parties defendant, except the administrator, have appealed.

■ The respondent has filed a motion to dismiss the appeal for the reason that the administrator is not a "party to a suit aggrieved" within the meaning of the statute (Sec. 1184, R. S. Mo. 1939; 2 Mo. Stat. Ann., p. 1286) relating to appeals. The appellant contends that the point was not properly preserved by a mere motion to strike the affidavit and application from the files and that, therefore, respondent has waived the objection. But, the right of one to appeal and whether or not an appellant is a party aggrieved within the meaning of the statute is a jurisdictional question and may be

raised at any time, even by the court itself. [State ex rel. Fischer et al. v. Vories, 333 Mo. 197, 62 S. W. (2d) 457.]

Relying, for the most part, on Carlin v. Bacon, 322 Mo. 435, 16 S. W. (2d) 46, the appellant administrator claims he has the right to appeal. However, an examination of the record in that case reveals that all of the named defendants appealed and the right of the administrator to join with them was not questioned.

There can be no doubt but that an administrator or executor has the right to appeal from any judgment affecting him or his duties in such a manner that he is thereby a "party to the suit aggrieved." [Secs. 850, 1184, R. S. Mo. 1939, 2 Mo. Stat. Ann., pp. 906, 1286; 2 Am. Jur., sec. 183, p. 960; 3 C. J., sec. 507, pp. 644-647; 4 C. J. S., sec. 193, pp. 370-374.] On the other hand, an administrator, or anyone else, who does not have the right to control the litigation, or is not a necessary or proper party to the suit or who has no interest in the subject matter or who is not injured by the judgment or who, in short, is not "aggrieved" by the judgment does not have the right to appeal. [State ex rel. Fischer et al. v. Vories, supra; McClain v. Kansas City Bridge Co., 338 Mo. 7, 88 S. W. (2d) 1019.]

In this connection it has become definitely settled that an administrator cannot prosecute a will contest instituted by his deceased. [Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283.] And, it has been held that an executor may not appeal from a judgment in a will contest for the reason that he has no interest in the subject matter of the litigation. [Shock v. Berry et al., 221 Mo. App. 718, 285 S. W. 122; O'Connell v. Dockery et al. (Mo. App.), 102 S. W. (2d) 748. But see and compare 88 A. L. R. 1158.]

In the instant case the real estate was specifically devised to collateral heirs and if the devise failed descended to the respondent as the sole and only heir and the administrator had no interest in it whatsoever, since it does not appear that it is needed to pay debts, or even that there are any debts. ]Secs. 306, 526, 9614, R. S. Mo. 1939, 1 Mo. Stat. Ann., pp. 194, 318, 826; Thorp v. Miller, 137 Mo. 231, 38 S. W. 929; Schneiderheinze v. Berg, 269 Mo. 263, 190 S. W. 593; McKee v. Downing, 224 Mo. 115, 124 S. W. 7; Grant v. Hathaway, 215 Mo. 141, 114 S. W. 609.] And, although the personalty descended to the administrator (Sec. 306, R. S. Mo. 1939, 1 Mo. Stat. Ann., p. 194) and though he is ordinarily a necessary and proper party to actions involving the personal property of his deceased (21 Am. Jur., secs. 284, 939-940, pp. 539, 901-902), he is in reality a trustee for the benefit of creditors, legatees, heirs and distributees. Here, the equitable title, at least, is in the heir. [Richardson v. Cole, 160 Mo. 372, 61 S. W. 182; Byers v. Weeks, 105 Mo. App. 72, 79 S. W. 485; Brewster v. Gage, 280 U. S. 327, 74 L. Ed. 457, 50 Sup. Ct. 115; 112 Am. St. Rep. 727, 729.] The administrator makes no claim to

any part of the estate personally. [In re Estate of Messersmith, 264 Mo. 610, 175 S. W. 914.]

Here all the heirs, legatees and devisees were made parties to the suit and after a trial by the court the heirs did not even file a motion for new trial. Four legatees joined with the administrator in the motion for a new trial, but he alone expressed a willingness to appeal. True it is his duty to see to it that the estate is distributed to the proper heirs, legatees and devisees, but here all possible beneficiaries of the estate were parties to the action and have abandoned their right to appeal and thereby any claim they may have had to the estate. And, if they are willing to surrender their rights and claims the administrator is in no position to complain, and especially so since it does not appear there are any creditors. The status of the administrator ▉ is not affected by this action and when his final settlement is approved his only duty is to deliver the property in his hands to the rightful heir.

It is our judgment that the administrator *in this case* is not a "party to a suit aggrieved by any judgment" and that his appeal is and should be dismissed. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.