**R. P. CRIGLER, Administrator of the Estate of Willard Frame, Deceased, Plaintiff-Appellant,**

v.

**Irene Willard FRAME, Defendant-Respondent.**

**No. 12395.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 5, 1982.

W. Swain Perkins, Thayer, for plaintiff-appellant.

R. Jack Garrett, R. David Ray, West Plains, for defendant-respondent.

FLANIGAN, Judge.

This is an action for partition, Rule 96,[1] of real estate located in Oregon County. The sole plaintiff is R. P. Crigler, administrator of the estate of Willard Frame, deceased, who died intestate. The sole defendant is Irene Willard Frame.

The petition, denominated "Petition in Partition," alleged that plaintiff's decedent died on December 24, 1977; "that Willard Frame, deceased, and defendant, are seized as tenants in common of [the described land]" and that "decedent and defendant are each entitled to a one-half interest in the land." The petition also alleged that the land could not be partitioned in kind without great prejudice and sought partition by sale. The answer alleged that the petition failed to state a claim upon which relief can be granted and requested no relief other than dismissal.

Sitting without a jury, the trial court made certain findings of fact and conclusions of law and entered judgment for defendant. Plaintiff-administrator appeals. For the reason that plaintiff-appellant had no standing to institute the action or to prosecute this appeal, the appeal must be dismissed.

To have the right to appeal, plaintiff-appellant must be a "party to a suit aggrieved by" the judgment of the trial court. § 512.020. "The right to appeal and whether an appellant is a party aggrieved within the meaning of [§ 512.020] are jurisdictional questions which may be raised at any time and by the court itself." *In re Fusz' Estate*, 397 S.W.2d 595[1] (Mo.1966).

"[A]n administrator has no right to appeal from a judgment unless the record shows he is an aggrieved party in his capacity as administrator ... and in the absence of evidence showing such fact, his appeal should be dismissed." *In re Estate of Hill*, 435 S.W.2d 722, 724–25[5] (Mo.App.1968). In order to be aggrieved by the judgment the administrator "must not only be a party, but must have an interest in the subject matter of the suit." *Freeman v. De Hart*, 303 S.W.2d 217, 221[5] (Mo.App.1957).

The general rule is that to entitle any person to maintain an action, it must be shown that he has a justiciable interest in the subject matter of the action. *Garrison v. Schmicke*, 354 Mo. 1185, 193 S.W.2d 614, 615[5] (1946). To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation. *Jans-*

1. All references to rules are to Missouri Rules of Court, V.A.M.R. and all references to stat-  utes are to RSMo 1978, V.A.M.S.

sen v. Guaranty Land Title Co., 571 S.W.2d 702, 706[8] (Mo.App.1978). "[T]he matter of standing does not relate to legal capacity to sue, a defense waived unless timely asserted, [Rule 55.27(a)], but to the interest of an adversary in the subject of the suit as an antecedent to the right to relief. It is a matter, in a sense, jurisdictional in limine and so within the notice of a court, even on appeal, for dismissal." *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909[7] (Mo.App.1978).

■ "It is generally held that the executor or administrator of an estate has not, aside from statute or possibly some express authority from the testator, such an interest in the real estate of the deceased as entitles him to institute and maintain partition proceedings." 59 Am.Jur.2d Partition § 183, p. 908; Anno. 57 A.L.R. 573; to similar effect see 68 C.J.S. Partition § 56f, p. 86; Tiffany, Real Property, 3rd Edition, Vol. 2, § 475, p. 313. Missouri follows that rule. *Throckmorton v. Pence*, 121 Mo. 50, 25 S.W. 843, 844[1] (1894).

There is no Missouri statute authorizing an administrator of an intestate decedent to institute a partition proceeding. For that reason, the petition stated no claim for relief and, if it remained unamended, the court should have dismissed the action.

■ At the trial the evidence adduced by both sides seemed to inject, with respect to an undivided one-half interest, issues normally posed in an action to quiet title. Even if the petition, viewed in light of that evidence, were deemed amended, Rule 55.-33(b), so as to include a count to quiet title, the instant record is defective and requires dismissal.

Prior to the enactment of § 473.263 in 1955, an administrator had no standing to institute a suit to quiet title to the real estate of the decedent. *Thorp v. Miller*, 137 Mo. 231, 38 S.W. 929 (1897). Similarly, an executor lacked standing to institute an action seeking a determination of title to the land of the decedent where there were no provisions in the will passing title or interest in the land to the executor. *Dillard v. Dillard*, 266 S.W.2d 570 (Mo.1954).

Sec. 473.263, par. 2, reads: "The court, on its own motion or on the motion of any interested person, may order the executor or administrator to take possession of the real estate of the decedent when necessary for the payment of claims or for the preservation thereof. When ordered to take possession of real estate, the executor or administrator shall pay the taxes and collect the rents and earnings thereon until the estate is settled or until delivered by order of the court to the distributees. He may rent the real property of the estate for a period not exceeding one year. He shall keep in tenantable repair the buildings and fixtures under his control and may protect the same by insurance. He may maintain an action for the possession of the real property *or to determine the title to the same.*" (Emphasis added.)

The last sentence of the foregoing statute uses the word "he," plainly referring to the language "the executor or administrator" contained in the second sentence of the statute. The latter sentence imposes a duty on the executor or administrator to pay taxes, etc., "when ordered to take possession of real estate." The first sentence of the statute makes it clear that the executor or administrator will take possession of the real estate of the decedent only when ordered to do so by "the court," that is "the probate division of the circuit court." § 472.010(6). A reasonable construction of the statute makes it clear that the last three sentences of the statute, like the second sentence, come into play only when the probate division has ordered the executor or administrator to take possession of the real estate of the decedent. In the absence of such an order the administrator had no authority to maintain an action to determine the title to the real property of the decedent. In the case at bar the petition did not allege, and the evidence did not show, that such an order was entered by the probate division of the circuit court of Oregon County, the tribunal which issued the letters of administration to plaintiff-appellant.

As stated in *Dillard v. Dillard*, supra, 266 S.W.2d at 573, "Appellant had no sufficient interest in the described real estate to justify a judicial determination of ownership. A declaratory judgment must settle actual rights."

The judgment should be modified by striking out the several findings and conclusions and leaving only the order that plaintiff take nothing by his action herein, and that the petition be, and the same is hereby, dismissed with all costs taxed against plaintiff. As modified, the judgment is affirmed.

MAUS, C. J., and TITUS and BILLINGS, JJ., concur.