650 S.W.2d 346 (1983)
In the Matter of the ESTATE OF Nina SAVAGE, Deceased.
Mona Joy LOVE, Claimant-Respondent,
v.
Joe POGUE, Personal Representative, Defendant-Appellant.
No. 12712.
Missouri Court of Appeals, Southern District, Division Two.
April 14, 1983.
*347 John Sims, Neosho, for defendant-appellant.
*348 Robert W. Evenson, Pineville, for claimant-respondent.
MAUS, Presiding Judge.
This action centers around the power of a judgment creditor to seize and exercise certain rights of a surviving spouse in the estate of the deceased spouse. The deceased died May 5, 1981. The controversy is governed by the 1980 Probate Code, S.B. 637, effective January 1, 1981. The judgment creditor has attempted to benefit from these rights by levying upon them, purchasing them at an execution sale and filing appropriate instruments in the Probate Division.
By one such instrument the creditor purported, on behalf of the surviving spouse, to renounce the will under the provisions of § 474.160. By separate applications she sought payment of an allowance for support under § 474.260, payment of a homestead allowance under § 474.290 and to claim exempt property under § 474.250. By motion, the personal representative sought the dismissal of the election and applications. Upon the issues being so joined, a hearing was held by the Probate Division. The parties to that hearing were the judgment creditor and the personal representative. The judgment of the Probate Division directed the personal representative to pay the creditor $7,200 for the support allowance, $7,500 for the homestead allowance and to deliver to her a pickup truck as exempt property. It declared the judgment creditor to be entitled to renounce the will and take the surviving spouse's elective share. The personal representative has appealed from that judgment.
The judgment creditor has not questioned the right of the personal representative to appeal. Nonetheless, it is the duty of this court to determine the propriety of an appeal by the personal representative. Crigler v. Frame, 632 S.W.2d 94 (Mo.App. 1982); In re Estate of Hill, 435 S.W.2d 722 (Mo.App.1968); Freeman v. De Hart, 303 S.W.2d 217 (Mo.App.1957).
The right of appeal is statutory. Shock v. Berry, 221 Mo.App. 718, 285 S.W. 122 (1926). There are now two statutes, general in scope, which on their face apply to appeals from the Probate Division. Before amendment by H.B. 1634 (1978), effective January 2, 1979, § 472.160 provided for appeals from the probate court to the circuit court by "[a]ny interested person aggrieved" by the judgment. An interested person was defined as "heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." § 472.010(15). This statute was held to extend the right of appeal to the circuit court to any interested person aggrieved, even though that person was not named as a party and did not participate in the proceeding in the probate court. State ex rel. Jones v. Davis, 240 Mo.App. 411, 216 S.W.2d 155 (1948). Section 512.020 extends the right of appeal to an appellate court to "[a]ny party to a suit aggrieved by any judgment ...." Before the amendment of 1978 mentioned above, this section was held to limit an appeal to an appellate court to those who participated in the proceeding in the circuit court. Ruddy v. Labar's Estate, 241 Mo.App. 98, 231 S.W.2d 833 (1950); Service Life Insurance Co. of Fort Worth v. Davis, 466 S.W.2d 190 (Mo.App.1971). The section was held to grant the right of appeal to a personal representative, a party to the proceeding in the circuit court, when he was aggrieved within the meaning of the statute. In re Estate of Hill, supra.
By the amendment mentioned, § 472.160 now provides for an appeal from the probate division to the appropriate appellate court by any interested person aggrieved by the judgment. S.B. 637 (1980). Since that amendment, the relationship between the two sections has not been the subject of an appellate decision. The scope of the right of appeal to an appellate court created by amended § 472.160 has not been defined. However, there is no reason to find that it was the intent of the legislature, by the *349 amendment, to limit the right of a personal representative to appeal. Under § 472.160, before the amendment, the personal representative was held to have the right to appeal to the circuit court as an "interested party" when he was, as hereafter discussed, aggrieved by the judgment. That same construction must apply to the right of appeal under amended § 472.160. In re Estate of Hill, supra.
Even though a personal representative is named as a party, he is not entitled to appeal every judgment pertaining to the estate as an "aggrieved party." In re Estate of Hill, supra; Shock v. Berry, supra. The refinements of who may be an aggrieved party are contained in numerous cases. Generally, "a party is aggrieved when the judgment operates prejudicially and directly upon his personal or property rights or interests ...." Hertz Corp. v. State Tax Commission, 528 S.W.2d 952, 954 (Mo. banc 1975). To appeal as such, a personal representative must be adversely affected in his representative capacity as distinguished from his personal capacity. In re Franz' Estate, 372 S.W.2d 885 (Mo.1963); In re Estate of Hill, supra. It has been held a personal representative may not appeal from a judgment determining interests among those claiming through the decedent. Williams v. Hund, 302 Mo. 451, 258 S.W. 703 (banc 1924); State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46, 164 S.W.2d 356 (banc 1942). He could not appeal from an order of distribution. In re Whitsett's Estate, 237 Mo.App. 1295, 172 S.W.2d 965 (1943). Nor could he appeal from a decree proclaiming a claimant to be the adopted daughter of the decedent. Love v. White, 348 Mo. 640, 154 S.W.2d 759 (1941). He could not appeal from a decree cancelling an heir's renunciation of his part of an estate. Bostian v. Milens, 239 Mo. App. 555, 193 S.W.2d 797 (1946). Generally, he could not appeal the result of a will contest. Shock v. Berry, supra.
However, the personal representative occupies a fiduciary position in regard to the assets of the estate and the interests therein of those claiming through the decedent. Love v. White, supra; Cooper v. Jensen, 448 S.W.2d 308 (Mo.App.1969); Trieseler v. Ratican, 237 Mo.App. 490, 173 S.W.2d 595 (1943). The extent of his right to appeal against claimants adverse to those interests has been held to depend upon whether or not the heirs and devisees of the decedent were parties in the trial court. Compare Love v. White, supra; Cooper v. Jensen, supra; In re Clark's Estate, 213 S.W.2d 645 (Mo.App.1948). Also see Rone's Estate v. Rone, 218 S.W.2d 138, 145-146 (Mo.App.1949) in which the court said: "We certainly hold that the appellant had the right to control the litigation and it was a proper and necessary duty to protect the interest of the minor children, who were heirs, and of the creditors of this estate. She held the property in trust for their benefit. They are not parties and therefore cannot protect their interest. In short, appellant has an interest which is aggrieved by this judgment." This fiduciary capacity of the personal representative is emphasized by § 472.300 dealing with what orders binding a personal representative also bind persons interested in the undistributed assets of a decedent's estate.
The election of a surviving spouse to reject a will must be filed in the probate division. § 474.190. The extent of the elective share can now be known only as the result of a determination of the value of the "augmented estate." § 474.163. It has been held that the probate court had exclusive jurisdiction to determine the validity of such an election. Henderson v. Allen, 440 S.W.2d 446 (Mo.1969). The probate code does not specifically declare that notice must be given upon the filing of such an election. However, procedures under the probate code are subject to the notice requirements of due process. Bollenger v. Bray, 411 S.W.2d 65 (Mo.1967). The necessity of identification of and service of notice upon interested persons is discussed in an excellent article, Borron, Jurisdiction and Practice in the Probate Division Under the Court Reform Act, 36 J.Mo.B. 13 (1980). Determinations required by § 474.163 presumably would be made as a result of judicial proceedings within the meaning of § 472.300. At a minimum, under the terms *350 of that section, notice would be required to be given to "every interested person or to one who can bind an interested person." § 472.300(3)(a). A procedure is set forth in § 2-205 of the Uniform Probate Code. In this case, the judgment creditor gave no notice of filing her purported election and applications. Nevertheless, the personal representative, following the procedure employed in Henderson v. Allen, supra, filed a motion attacking that purported election and the applications. The hearing that resulted was an adversary probate proceeding within the meaning of § 472.140.
In presenting this appeal, the personal representative is not resisting a claim of one claiming under the decedent, but one claiming against the estate and all others interested therein. No person specifically enumerated as an interested person under § 472.010(15) was given notice or was a party to the proceeding. Under these circumstances, the personal representative was an interested person aggrieved by the judgment and entitled to appeal therefrom. Garrison v. Garrison, 354 Mo. 62, 188 S.W.2d 644 (1945); Woodbine Sav. Bank v. Yager, 61 S.D. 1, 245 N.W. 917 (1932); In re Estate of Morine, 363 A.2d 700 (Me.1976).
Even though several sections of the probate code have been mentioned, nothing herein is to be construed as necessarily prescribing the notice to be given and procedure to be followed upon the filing of such an election. Those sections have been mentioned to emphasize the status of the personal representative in appealing from the judgment of the probate court. It must also be noted that no opinion is expressed herein concerning the procedure to be followed or the status of the personal representative when such an election is made or applications filed by a surviving spouse. See the provisions of § 472.300 relative to a conflict of interest between the personal representative and the persons represented or among the persons represented.
A brief resume of the facts is necessary to place the position of the judgment creditor in perspective. In January 1977, Paul Savage shot and killed the husband of Mona Joy Love. Savage was convicted of manslaughter. State v. Savage, 602 S.W.2d 481 (Mo.App.1980). For the wrongful death of her husband, Mona Joy Love obtained a judgment against Paul Savage for $250,000. That judgment is the basis for this case.
Paul Savage and Nina Savage, his wife, owned certain property as tenants by the entirety. This property was transferred to the sole name of Nina Savage. Thereafter, on May 5, 1981, Nina Savage died a resident of Pea Ridge, Arkansas. Her will was admitted to probate by the Probate Division of the Circuit Court of McDonald County, presumably the situs of property inventoried at $168,577.66. "The law of this state respecting proceedings, procedures and substantive rights relating in any way to the property in this state of a nonresident decedent... shall apply as if the decedent had been a resident of this state, ..." with certain exceptions. § 473.675. Notwithstanding §§ 473.675(1)(b) and (3), the parties have proceeded and have presented this appeal as if the right of election and marital rights of Paul Savage existed independently of any consideration of any assets in or action taken in the domiciliary state. The case will be so considered by this court. By her will, Nina Savage placed her entire estate in a spendthrift trust for the benefit of Paul Savage for life and then for the benefit of five named great-grandchildren.
The judgment creditor cites no authority supporting her course of action or the decision of the trial court. She relies upon what she terms equitable principles. The distillate of her argument is that the judgment of the trial court must be upheld because to do otherwise would be grossly unfair.
Because of the particularly unique facts, this argument presents a strong appeal. However, this court may not, because of these facts, fail to be controlled by applicable legal principles established by statute and decision. The duty of this court has been appropriately summarized. "[A]s our decisions in that behalf constitute a rule of property, the doctrine of stare decisis should be applied with rigor." Himmelberger-Harrison Lumber Co. v. Craig, 248 Mo. 319, 331, 154 S.W. 73, 77 (1913). Also see Laclede Land & Improvement Co. v. *351 Schneider, 177 S.W. 388 (Mo.1915); Reed v. Ownby, 44 Mo. 204 (1869).
The estate of tenancy by the entirety is well established in this state. Property so held is not subject to a lien or attachment for the debt of one tenant. Otto F. Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S.W. 67 (1918). A voluntary conveyance of property so held by one tenant to the other tenant is not fraudulent to the creditors of the grantor. Bostian v. Jones, 244 S.W.2d 1 (Mo.1951); Farmington Production Credit Ass'n v. Estes, 504 S.W.2d 149 (Mo.App. 1974). "Public policy, the characteristics of the estate, the convenience and the effects of holding an estate by the entireties combine to give recognition to this method of holding property even in modern society." Cann v. M & B Drilling Company, 480 S.W.2d 81, 85 (Mo. App.1975).
The statutory share a surviving spouse may take upon renunciation of a will does not automatically vest upon the death of the decedent. Bradley v. Hill, 457 S.W.2d 212 (Mo.App.1970). That interest may be claimed only as the result of an election to renounce the will exercised in the manner and within the time prescribed by statute. §§ 474.180; 474.190. The general rule concerning the right to make that election has been summarized: "Election to take under or against a will is the personal right of the legatee or devisee, and it cannot be controlled by his creditors; and they can claim no right or interest in the estate contrary to their debtor's election, whether that is exercised affirmatively or negatively;...." Annot., WillsRenunciation ElectionCreditors, 27 A.L.R. 472 (1923).
This characteristic of the right of election was recognized at an early date by the Supreme Court of this state. "It seems to us, therefore, that the creditors have not the right to control the husband as to his election to take under the will or statute, or to compel him to object to the will, and insist upon dower, in order that the same may be subjected to the payment of his debt." Austin v. Collins, 317 Mo. 435, 441, 297 S.W. 36, 38 (1927). This principle is now expressly declared by statute. "The right of election of the surviving spouse is personal to him. It is not transferable and cannot be exercised after his death; ...." § 474.200 (Emphasis added). Bradley v. Hill, supra. The purported election by the judgment creditor on behalf of the surviving spouse was a nullity. This comports with decisions in other jurisdictions. Deutsch v. Rohlfing, 22 Colo.App. 543, 126 P. 1123 (1912); Coomes v. Finegan, 233 Iowa 448, 7 N.W.2d 729 (1943); Pike County v. Sowards, 147 Ky. 37, 143 S.W. 745 (1912); Carter v. Harvey, 77 Miss. 1, 25 So. 862 (1899); Dalisa v. Dumoff, 206 Misc. 259, 132 N.Y.S.2d 550 (1954); In re Harris, 351 Pa. 368, 41 A.2d 715 (1945).
The personal nature of the right to exempt property under § 474.250, to an allowance for support under § 474.260 and a homestead allowance under § 474.290 is established by the purpose of those sections. Their obvious purpose is for the maintenance of a surviving spouse. In re Estate of Guthland, 438 S.W.2d 12 (Mo.App.1969). For this reason, those rights are in general superior to the claims of the decedent's creditors. To permit a judgment creditor of a surviving spouse to appropriate those rights would defeat the statutory purpose. It could negate the exemptions of the surviving spouse under Chapter 513. They may not be exercised by a creditor of a surviving spouse. In re Estate of Jacobson, 204 Neb. 180, 281 N.W.2d 552 (1979). Lest the same be misinterpreted, nothing in this opinion should be construed to hold that the rights of a surviving spouse discussed are the type of property that may be reached by levy or garnishment. See §§ 513.070; 513.090; 525.030. Also see Woodbine Sav. Bank v. Yager, supra.
The judgment of the Probate Division of the Circuit Court is reversed. The cause is remanded with directions to enter an order striking the purported election and denying the said applications.
HOGAN and PREWITT, JJ., concur.