Monita STAMER, Personal Representative of the Estate of Arlene Wright, Plaintiff-Appellant,

v.

ESTATE OF Ross WRIGHT, Defendant-Respondent.

No. 49631.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 10, 1985.

Bernard A. Reinert and Thomas J. Burnside, St. Louis, for plaintiff-appellant.

Lenzie L. Leftridge, Jr., Flat River, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

This is an appeal from the order of the Probate Division of the Circuit Court of St. Francois County granting an application for exempt property requested by the personal representative of the estate of the surviving spouse. We reverse.

The facts are as follows: Arlene F. Wright, died on May 7, 1982, survived by her husband, Ross J. Wright. On July 23, 1982, Ross filed an Application of Spouse for Refusal of Letters. Listed therein as the sole property of Arlene's estate was a 1974 Ford Torino. The court granted the order refusing letters and awarded the automobile to Ross. On May 18, 1983, Ross died. Letters of administration were issued and Lenzie L. Leftridge, Jr. was named as personal representative of Ross's estate. While the administration of this estate was still in process, Monita Stamer applied for letters of administration of the estate of Arlene Wright and was appointed personal representative. Stamer filed a Petition Seeking Determination of Title or Right of Possession of Personal Property. Attached to this petition was an itemization of personal property consisting of household goods which Stamer alleged to be the property of Arlene wrongfully inventoried as assets of Ross's estate. Leftridge denied these allegations. The issues thus joined remain unresolved.

On December 4, 1984, Leftridge filed in Arlene's estate an Application for Exempt Property under § 474.250, RSMo.Cum. Supp.1984, requesting transfer of the itemized personal property to Ross's estate. The court granted this application.

On appeal from this order, Stamer contends the court erred because the right to exempt property under § 474.250 is personal to the surviving spouse and may not be exercised by the personal representative of his estate and that by listing only the automobile on the application for refusal of letters, Ross waived his right to claim other exempt property of Arlene's estate.

In holding that the right to claim exempt property was available to Leftridge as the personal representative of Ross's estate, the trial court expressed its reliance upon *In Re Polizoe's Estate*, 246 S.W.2d 391 (Mo.App.1952). This reliance was misplaced. The case is authority only for the proposition that, although exempt property becomes the absolute property of a widow or widower upon the death of the spouse as against claimants, nevertheless title to such property is not vested absent an application to and order of the probate court. *Id.* at 393. The decision upheld the order of the lower court that household furnishings of a deceased wife were assets of her estate, rather than assets of the estate of her surviving husband who had not obtained an order for exempt property prior to his death. The issue in the instant case, the standing of the personal representative to exercise the right of a decedent to claim the exemption, is not involved.

The right to exempt property, § 474.250, to a year's support or family allowance, § 474.260, and to a homestead allowance, § 474.290, have been held to be personal rights effective only upon the taking of affirmative action by the surviving spouse. In *Bradley v. Hill*, 457 S.W.2d 212, 217 (Mo.App.1970) these three rights were described as prerogatives or privileges, comparable to the personal right of election to take against a will. The court stated:

Again, these were prerogatives or privileges from which no benefit whatever could have accrued unless and until (a) she had acted affirmatively by filing proper applications and (b) in response thereto the probate court had entered appropriate orders of allowance. In other words, none of claimant's rights could have ripened "into actual ownership and right of possession without an order of the proper tribunal, the probate court." *State ex rel. Meyer v. Arnold*, Mo.App., 220 S.W.2d 942, 944 [ (1949) ].

In holding that a judgment creditor of a surviving spouse has no standing to exercise these rights, our brethren in the Southern District recently stated:

The personal nature of the right to exempt property under § 474.250, to an allowance for support under § 474.260 and a homestead allowance under § 474.-290 is established by the purpose of those sections. Their obvious purpose is for the maintenance of a surviving spouse.

*Matter of Estate of Savage*, 650 S.W.2d 346, 351 (Mo.App.1983).

This reasoning is equally applicable to the attempted exercise of the rights of a surviving spouse by the personal representative of his decedent estate. The rights were conferred upon the surviving spouse by the legislature for the purpose of support and maintenance. Upon the death of the survivor the need for support and maintenance is obviously eliminated. Therefore, if the surviving spouse has not elected to exercise his or her rights under the statutes, the rights ceased to exist upon the survivor's death. Accordingly, the right to claim exempt property may not be exercised by the personal representative of the estate of a deceased surviving spouse.

Having determined it was error for the court to grant the application for exempt property filed by the personal representative of Ross's estate, it is not necessary for us to consider Stamer's second point on appeal relating to waiver of the right to claim exempt property by Ross during his lifetime.

The order granting the application for exempt property is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SMITH and SNYDER, JJ., concur.