**In re The ESTATE OF Kurt VOEGELE, Deceased.**

No. 56625.

Missouri Court of Appeals, Eastern District, Division Three.

March 27, 1990.

Rehearing Denied April 25, 1990.

Christopher Hunter, Godfrey, Ill., Robert B. Rutledge, St. Louis, for appellant.

Stephen C. Ludwinski, Thomas M. Kendrick, Patrick Gadell, Terrence F. Moffitt, St. Louis, Steven A. Cox, Chesterfield, for respondents.

SATZ, Presiding Judge.

In this case, the administrator of the estate of Kurt Voegele appeals from an order of the Probate Court denying the administrator's Petition for Admission of Will to Probate. We dismiss the appeal.

The administrator applied for and was granted Letters of Administration on May 16, 1988. A purported will was "received" by the court on June 16, 1988. However, a Petition for Admission of Will to Probate was not filed until March 23, 1989.[1] The petition was denied the same day as being untimely filed. Subsequently, the court denied the administrator's motion for rehearing. The administrator's appeal followed. Respondents are thirteen people who claim to be heirs of the decedent and would take through intestacy.

The administrator raises five Points on appeal. In responding to these Points, respondents contend the administrator has no standing to appeal. We agree.

Section 512.020 RSMo 1986 provides "[a]ny party to a suit aggrieved by any judgment ... may .. appeal...." Thus, to have standing to appeal, an administrator must be an aggrieved party or "have an interest in the subject matter of the suit." *Crigler v. Frame,* 632 S.W.2d 94, 95 (Mo. App.1982); *see e.g. Love v. White,* 348 Mo. 640, 154 S.W.2d 759, 760 (1941); *In re Estate of Hill,* 435 S.W.2d 722, 724 (Mo. App.1968); *Shock v. Berry,* 221 Mo.App. 718, 285 S.W. 122, 123 (1926). However, just what makes an administrator an aggrieved party has not been precisely defined.

In *Love v. White, supra,* our Supreme Court dismissed an appeal processed only by the administrator. 154 S.W.2d at 761. The court noted the administrator had no interest in the real estate that was in dispute because there were no debts, and, thus, the real estate was not needed to pay debts. *Id.* The action appealed from did not affect the status of the administrator, and the administrator did not make any claim on the estate personally. *Id.* at 760–761.

Here, the administrator has not argued that he has an interest in the proceedings

---

**1.** According to administrator's brief, the petition was filed on March 20, 1989. No date appears on the petition in the record. The minute entry on the "case history sheet" in the Legal File on appeal shows the petition was filed on March 23, 1989. We adopt this date, although the exact date is not critical to this opinion.

because of outstanding debts, because his status as an administrator is adversely affected, or because of some personal claim on the estate. The only claim the administrator makes to support his standing is a desire to carry out the decedent's intent as expressed in the will. If this generalized interest were sufficient to grant administrator standing, the limitation in § 512.020 would have little meaning in this context; any administrator can claim an interest in carrying out a decedent's wishes.

The administrator argues that he has standing because he espouses a concern for the protection of the estate, citing to *In re Estate of Savage*, 650 S.W.2d 346 (Mo.App. 1983). The administrator's reliance on *Savage* is misplaced.

In *Savage*, the court held that a personal representative has standing to appeal a judgment obtained by a judgment creditor against the estate. *Id.* at 348. On appeal, the court noted the personal representative held a fiduciary position in regard to the assets of the estate and the interests of those claiming through the decedent. *Id.* at 349. The court reasoned the personal representative had standing to appeal because he was "not resisting a claim of one claiming under the decedent, but one claiming against the estate and all others interested therein." *Id.* at 350.

In the present case, the administrator is resisting the claims of several claiming under the decedent, not one claiming against the estate. The administrator is a fiduciary for respondents as persons claiming through decedent. *Id.* at 349. The administrator cannot properly ·take an adverse position to those for whom he is a fiduciary.

Quite simply, the administrator has not shown he is an aggrieved party under § 512.020. This appeal, therefore, must be and is dismissed. *E.g. Conrad v. Herndon*, 572 S.W.2d 216, 220 (Mo.App.1978).

SMITH and GRIMM, JJ., concur.