In re The ESTATE OF Kurt VOEGELE, Deceased.

Robert B. RUTLEDGE, Administrator, Appellant,

v.

Alice M. WELCH, Josie Wood, Robert A. Busekrus, William A. Busekrus, Mary Phillips, Jennie Grinninger, Ellen Payne, John Griser, Patricia Kain, The Heirs of Stanley Griser, Sr., Respondents.

No. 57692.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 31, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1991.

Application to Transfer Denied April 9, 1991.

Christopher B. Hunter, Steven D. Griffin, Edwardsville, Ill., for appellant.

Steven A. Cox, Chesterfield, Terrence Finan Moffitt, Patrick Henry Gadell, Stephen C. Ludwinski, Thomas Michael Kendrick, St. Louis, for respondents.

STEPHAN, Judge.

Robert B. Rutledge ("Rutledge"), administrator of the Estate of Kurt Voegele ("Voegele"), deceased, appeals from the December 7, 1989 order of the Probate

Division of the Circuit Court of the City of St. Louis which determined: 1) Voegele's heirs; and 2) the fractional interests in the whole of the distributable assets to which the heirs are entitled. The Respondents all claim to be Voegele's heirs and would take through intestacy. We dismiss the appeal and remand for the trial court to enter judgment for damages against Rutledge and his counsel for filing a frivolous appeal as provided for by Supreme Court Rules 84.19 and 55.03.

The procedural history of this case is as follows. In May, 1988, the Probate Division of the Circuit Court of St. Louis City appointed Rutledge the personal representative of the estate of Voegele. Notice of granting of letters of administration was first published that same month. On June 16, 1988, the court received Voegele's purported will. On January 23, 1989, Steven Cox filed his entry of appearance on behalf of Alice M. Welch, an alleged heir of Voegele. The next day, proof of publication of notice of statement of account was filed, the presentation of final settlement to be determined on February 6, 1989. On February 6, 1989, Rutledge filed a petition for complete settlement of estate. That same day, Alice M. Welch filed a petition for determination of heirship. On February 8, 1989, Jennie Grinninger, another alleged heir of Voegele, filed a petition for determination of heirship. On February 28, 1989, Rutledge filed a petition for leave to file petition to admit will to probate and to expend estate funds to locate witnesses. On or about March 20, 1989, Rutledge filed a petition for admission of will to probate and for letters of administration with will attached. The court denied the petition and rejected the will as being untimely presented to the court. Rutledge subsequently filed a petition for rehearing of this decision. In April, 1989, the court denied Rutledge's petition. Rutledge thereafter appealed from the probate court's order denying his petition for admission of will to probate. This court dismissed Rutledge's appeal, *In re the Estate of Kurt Voegele,* 788 S.W.2d 301 (Mo.App.1990), for lack of standing to appeal, since Rutledge could not demonstrate that he was an aggrieved party under Section 512.020 RSMo 1986.

On June 14, 1989, the court held a hearing to determine the heirs of Voegele's estate. On August 2, 1989, Rutledge filed a motion to dismiss the petitions to determine heirship on the ground that said petitions were not filed within six months from the date of first publication of letters. On December 7, 1989, the Honorable Thomas O'Shea overruled this motion and entered an Order determining: 1) Voegele's heirs; and 2) the fractional interests in the whole of the distributable assets to which the heirs are entitled. It is from this Order that Rutledge currently appeals.

At the outset, we note that Rutledge's points relied on fail to state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, in violation of Rule 84.04(d). The requirements of 84.04(d) are mandatory. *Roden v. Tofle,* 779 S.W.2d 290, 293 (Mo.App. 1989). We set out Rutledge's seven points on appeal as Rutledge presented them to this court. First, Rutledge occupies standing to appeal the December 7, 1989 order of the probate court. Second, the respondents' failure to comply with subsection 2 of Section 473.070 of the Missouri Revised Statutes precludes respondents from raising objections to the presentation of the will for probate by Rutledge. Third, the application of Section 473.050 of the Missouri Revised Statutes to the present case violates a long-standing body of law which presumes that a decedent who leaves a will intended to die testate. Fourth, the six month limitation of Section 473.050 of the Missouri Revised Statutes, as applied to the facts of the present case, penalized Rutledge, who exercised good faith and diligence to locate witnesses and heirs, and is inconsistent with the then applicable three year limitation period for application for admission of written wills to probate contained in subsection 1 of Section 473.070 of the Missouri Revised Statutes. Fifth, the application of Section 473.050 of the Missouri Revised Statutes to the facts of the present case violates Rutledge's right to due process under the fourteenth amend-

ment to the United States Constitution. Sixth, the probate court erroneously admitted certain exhibits of respondents into evidence over the objections of Rutledge. Seventh, respondents have failed to sustain their burdens of proof to establish heirship to the decedent.

■ In addressing Rutledge's points, respondents argue that Rutledge, as an administrator, has no standing to sue. Additionally, respondents argue that Rutledge's appeal is frivolous because Rutledge's own cited authority establishes that an administrator may not appeal from a judgment determining heirship. The respondents request that this court assess damages pursuant to Supreme Court Rule 84.19.

Section 512.020 RSMo 1986 provides "[a]ny party to a suit aggrieved by any judgment ... may ... appeal...." An administrator may not appeal from a judgment unless the record indicates that he is an aggrieved party in his capacity as administrator. *Crigler v. Frame*, 632 S.W.2d 94, 95 (Mo.App.1982). In the absence of such a showing, his appeal should be dismissed. *Id.* In order to be aggrieved by the judgment, the administrator must: 1) be a party; and 2) have an interest in the subject matter of the suit. *Id.*

We noted above that Rutledge previously appealed to this court a probate court order denying his petition for admission of will to probate. *In re The Estate of Voegele*, 788 S.W.2d 301 (Mo.App.1990). In that appeal, Rutledge neither argued that he was a party nor that he had an interest in the subject matter of the suit. Rather, Rutledge argued that he had standing to appeal because he espoused a concern for the protection of the estate, citing *In the Matter of the Estate of Savage*, 650 S.W.2d 346 (Mo.App.1983). *Id.* at 303. In that appeal, we explained that Rutledge's reliance on *Savage* was misplaced. *Id.* We stated that in *Savage*, the court reasoned that the personal representative had standing to appeal because he was not resisting a claim of one claiming under the decedent, but one claiming against the estate and all others interested therein. *Id.* However, Rutledge was resisting the claims of several

claiming under the decedent, not one claiming against the estate. *Id.* We therefore determined that because Rutledge is a fiduciary for respondents as persons claiming through decedent, he could not take an adverse position to those for whom he is a fiduciary. *Id.* Rutledge, quite simply, was not aggrieved. *Id.*

Interestingly, in Rutledge's current appeal, Rutledge again relies on *Savage*, asserting once more that he has standing to appeal because he has a duty to protect the decedent's estate. Our decision has not changed; Rutledge does not have standing to appeal solely because he has concern for the protection of Voegele's estate. Rutledge again fails to demonstrate that he is a party or that he has an interest in the subject matter of the suit. Moreover, it has been held that a personal representative may not appeal from a judgment determining interests among those claiming through the decedent. *In the Matter of the Estate of Savage*, 650 S.W.2d 346, 349 (Mo.App.1983); *State ex rel. St. Louis Union Trust Co. et al. v. Sartorious*, 350 Mo. 46, 164 S.W.2d 356, 358 (banc. 1942). He also cannot appeal from an order of distribution. *In the Matter of the Estate of Savage, supra*, 650 S.W.2d at 349. Therefore, since Rutledge appeals from the December 7, 1989 order of the probate court which determined: 1) Voegele's heirs; and 2) the fractional interests in the whole of the distributable assets to which the heirs are entitled, this appeal must be dismissed.

■ Pursuant to Rule 84.19, respondents have requested assessment of damages against Rutledge for frivolous appeal. A frivolous appeal is one presenting no justiciable question and so readily recognizable as devoid of merit on face of record that there is little prospect that it can ever succeed. *State ex rel. State Highway Commission v. Sheets*, 483 S.W.2d 783, 785 (Mo.App.1972). Rule 84.19 has two purposes: first, to prevent appellate dockets from being cluttered with meritless appeals at the cost of delaying those which have merit; and second, to compensate respondents for the costs of responding to merit-

less appeals. *Jensen v. Jensen*, 670 S.W.2d 16, 18 (Mo.App.1984).

■ Here, Rutledge's brief is inadequate and violates Rule 84.04(d), as was previously discussed. While an inadequate brief *does not render an appeal frivolous*, such a brief considered together with the record may reflect that no fairly debatable issue exists to justify an appeal. *Id.* at 19. This court previously explained to Rutledge that he did not have standing as an administrator to appeal on the basis that he espoused a concern for the protection of the estate. *In re the Estate of Kurt Voegele*, 788 S.W.2d 301 (Mo.App.1990). Nevertheless, Rutledge, through his attorney, filed the present appeal advancing this same argument. Since this court previously determined that Rutledge's reliance on this theory was misplaced, there is not the slightest merit to this case, and it should not have been on an appeal docket. Moreover, it has long been held that an administrator cannot appeal from: 1) a judgment determining interests among those claiming through the decedent; and 2) an order of distribution. *In the Matter of the Estate of Savage*, 650 S.W.2d 346, 349 (Mo.App.1983). Rutledge cannot disavow knowledge of the *Savage* case because he cited it as prominent authority in his present appeal. Finally, Rutledge's brief in the instant case is almost a complete duplication of his brief in *In re the Estate of Kurt Voegele*, 788 S.W.2d 301 (Mo.App.1990) with superficial cosmetic changes.

■ Rutledge, through his attorney, abused the judicial process. Neither Rule 84.19 nor case law limit damages to be assessed only as to the litigant. *Jones v. Kansas City Area Transportation Authority*, 769 S.W.2d 145, 148 (Mo.App. 1989). Rather, there are instances where the attorney should also bear such a cost. *Id.* An attorney owes his client not only a duty of representation, but also a duty to quell further litigation of a groundless appeal. *Id.* We dismiss Rutledge's appeal for the reasons cited above, and remand for the trial court to enter a judgment for two thousand dollars jointly against Rutledge and his counsel for filing this frivolous appeal.

REINHARD, P.J., and CRANE, J., concur.