ESTATE OF Dorothy J. MUNZERT, Deceased.

Maxine McVEY and Sandra Woods, Co– Personal Representatives, Appellants,

v.

John R. MUNZERT and Betty Jane Harness, Respondents.

No. 64733.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 22, 1994.

Raymond A. Bruntrager, Mary P. Schroeder, St. Louis, for appellants.

Jeffrey R. Brooks, Christine A. Gilsinan, Nichols & Challis, St. Louis, for respondents.

**PUDLOWSKI, Judge.**

The co-personal representatives of the Estate of Dorothy E. Munzert appeal from the trial court's finding of the existence and enforcement of an oral contract to make a will between decedent and the children of decedent's spouse from a prior marriage.

The parties to this lawsuit are all children of John Munzert who died in 1973. The Respondents, Robert Munzert and Betty Jane Harness are children by his first wife, Clara. The Appellants, Maxine McVey and Sandra Woods are children by his fourth wife, Dorothy. Munzert was still married to Dorothy when he passed away. No will was ever filed nor any estate opened for Munzert.

At the time of his death, Munzert owned four acres of real property in Saint Louis County. The property was titled in his name alone. Because no will of Munzert was ever submitted for probate, as part of this proceeding, the trial court determined that the property passed through the laws of intestate succession. Dorothy, his spouse at the time of death, received a one-half undivided interest in the property. His issue, Robert, Bet-

ty, Maxine and Sandra received equal shares consisting of one-eighth of an undivided interest in the property. This ruling is not disputed.

This appeal concerns the disposition of Dorothy's one-half interest in the property. Dorothy died on February 23, 1992. Dorothy's will divided her Estate, including the real property, in equal shares between her daughters, Maxine and Sandra. On October 9, 1992, Maxine and Sandra, as co-personal representatives, filed Dorothy's will and a petition for probate and letters testamentary. The will was proven and letters testamentary granted on January 29, 1993. Robert and Betty filed their claims against the estate on February 19, 1993.

The property in question contained a large restaurant with attached living quarters. The Munzerts lived there and operated the restaurant until 1962. After 1962, the family continued to live there and leased the restaurant until Munzert's death. After his death, Dorothy leased the property and received all of the rents until her death in 1992.

Robert and Betty were Dorothy's stepchildren. Prior to his death, Munzert and Dorothy told Robert and Betty that each of his children would own one-fourth of the property when Munzert and Dorothy had both died. After their father's death, they inquired about the location of Munzert's will and the disposition of the property on numerous occasions. Dorothy pacified Betty by telling her that all four children would receive equal shares upon her death. Beginning in 1975, Betty repeatedly asked Dorothy for something in writing. Dorothy responded by telling Betty that she worried too much and that all four children would share the property when she died.

Relying on these statements concerning the ultimate disposition of the property, Robert and Betty never brought legal action concerning their father's estate, never filed a suit in partition, nor demanded any share of the rental payments.

The trial court held that Dorothy had entered into an oral contract to make a will leaving Robert and Betty each a one-fourth share of her one-half interest in the property.

The trial court issued its order from the bench on July 1, 1993. A motion for rehearing or in the alternative a motion for new trial was filed on July 16, 1993 and overruled by the trial court on September 10, 1993. This appeal was then filed on September 20, 1993.

■■■ Respondents, Robert and Betty, have filed a motion with this appeal challenging appellants' standing. First, respondents assert that the estate of Dorothy E. Munzert is the party appealing the judgment of the probate court. They correctly cite, *In re Estate of Cromwell*, 522 S.W.2d 36 (Mo.App. 1975) for the proposition that an estate is not an entity with the capacity to be a party appellant. The capacity to be a party appellant reposes only in persons in being, natural or artificial. The personal estate of a decedent is not a legal entity. It cannot sue or be sued as such, and it cannot appeal as such. In all proceedings against the estate of deceased persons the administrator or executor is an indispensable party. *Cromwell*, 522 S.W.2d at 40. However, in this case, the parties appealing are Maxine McVey and Sandra Woods, co-personal representatives of the estate of Dorothy E. Munzert. On the notice of appeal form, it clearly states as follows, "[n]otice is hereby given that <u>Maxine McVey and Sandra Woods, Co–Personal Representatives of the Estate of Dorothy J. [sic] Munzert, Deceased</u> appeals to the Missouri Court of Appeals, Eastern District." The underlined portion represents the section of the form which is blank and must be filled in by the party filing the appeal. The parties, including the respondents, repeatedly refer to the appellants as Maxine McVey and Sandra Woods, co-personal representatives. Therefore, while it is true that the estate of a deceased is not a proper party to appeal, in this case, despite respondents' contentions, it is the co-personal representatives who are appealing.

■■■ Respondents also dispute whether or not Maxine and Sandra have the capacity to appeal the trial court's judgment. Maxine and Sandra have two distinct roles in this lawsuit. They are both the co-personal representatives and the sole beneficiaries of Dorothy's will. This appeal was brought by

Maxine and Sandra as co-personal representatives for the Estate of Dorothy E. Munzert. Section 512.010 RSMo 1986 provides "[a]ny party to a suit aggrieved by any judgment ... may ... appeal...." As personal representatives, Maxine and Sandra cannot appeal from a judgment determining interests among those claiming through the decedent. *In re Estate of Voegele*, 805 S.W.2d 177, 179 (Mo.App.E.D.1990). Under certain circumstances, a personal representative does have standing to appeal a judgment obtained by those claiming against the estate. *In the Matter of the Estate of Savage*, 650 S.W.2d 346, 349 (Mo.App.S.D.1983). However, a personal representative may not appeal from a judgment unless the record indicates that she is an aggrieved party in her capacity as administrator. *Voegele*, 805 S.W.2d at 179; *Crigler v. Frame*, 632 S.W.2d 94, 95 (Mo.App. S.D.1982). In the absence of such a showing, the suit should be dismissed. *Voegele*, 805 S.W.2d at 179; *Crigler*, 632 S.W.2d at 95.

■ The personal representative occupies a fiduciary role in regard to the assets of the estate and the interests therein of those claiming through the decedent. *Savage*, 650 S.W.2d at 349. In this case, Maxine and Sandra, as co-personal representatives, owed a duty to Maxine and Sandra, individuals, to protect the estate. Maxine and Sandra, as individuals, were not parties to the claim proceedings. Thus, the issue turns upon whether Maxine and Sandra, in their capacities as co-personal representatives, were "aggrieved parties" such that they had the right to appeal.

In the case of *Rone's Estate v. Rone*, 218 S.W.2d 138 (Mo.App.1949), the decedent's wife sought and was awarded her statutory share of the decedent's estate. The executrix of decedent's estate appealed. On appeal, the wife challenged the executrix's standing to appeal. In finding that the executrix had standing to appeal, the court stated that:

> ... in the case at bar, appellant is a trustee, holding the property for the benefit of creditors, legatees, heirs and distributees. Unless the heirs and creditors were made parties thereto, she would be a necessary party to this action, which involves the interest of the creditors and minor heirs who will be injured if the claim and judgment is permitted to stand.

*Rone*, 218 S.W.2d at 145.

In *Love v. White*, 348 Mo. 640, 154 S.W.2d 759 (Mo.1941), the administrator of a will was deemed not to have standing. In that case, the administrator was attempting to appeal the disposition of the property of the deceased by the probate court. In the proceeding below, sixty-one people were made parties and served with process. In holding that the administrator had no standing to appeal, the Court stated that:

> [t]rue it is his duty to see that the estate is distributed to the proper heirs, legatees and devisees, but here all possible beneficiaries of the estate were parties to the action and have abandoned their right to appeal and thereby any claim they may have had to the estate. And, if they are willing to surrender their rights and claims the administrator is in no position to complain....

*Love*, 154 S.W.2d at 760.

In *In re Estate of Hill*, 435 S.W.2d 722 (Mo.App.1968), the administrator of the decedent's estate was also his wife. She filed four claims against the estate in her individual capacity, all of which were denied. The only notice of appeal filed was filed by Mrs. Hill in her role as administratrix. The court held that she did not have standing, in her capacity as administratrix, as a person "aggrieved" to challenge the denial of the claims. *Hill*, 435 S.W.2d at 725.

In the case at bar, Maxine and Sandra were parties to the case as co-personal representatives. This capacity is separate and distinct from their capacity as beneficiaries under the will. *Hill*, 435 S.W.2d at 724. Since Maxine and Sandra, individuals, although present as witnesses in the suit, were not parties to the suit, it is proper for Maxine and Sandra, as co-personal representatives, to appeal the suit. In that role, they are acting in their fiduciary capacity as the trustees of the estate for the will beneficiaries who were not parties. As co-personal representatives, they are protecting against the diminution of the estate by invalid claims.

Respondents cite *L.G. v. F.G.H.*, 729 S.W.2d 634 (Mo.App.E.D.1987) in support of their position that they are claiming through the decedent, Dorothy, rather than against the estate. That case is distinguishable from the case at bar. In that case, the term "claim" was being construed for the purposes of the Missouri non-claim statute § 473.360 RSMo Cum.Supp.1984. All parties affected were parties to the proceedings below. While it is true that if Dorothy had in fact written her will or amended her will prior to her death Robert and Betty would clearly have taken through her, she did not do so. If Maxine and Sandra, as individuals had been parties to the proceedings below, Maxine and Sandra, as co-personal representatives would not have standing to bring this appeal. However, they were not. As co-personal representatives, they are fulfilling their fiduciary duty to the named will beneficiaries. They must ensure that the decedent's property is distributed to the proper parties. Therefore, as fiduciaries of the estate, Maxine and Sandra, as co-personal representatives, have the right to appeal.

■ Having determined that the parties have standing, we now address the substantive issue on appeal. In a court-tried case, the judgment of the trial court should be affirmed unless there is no evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law.

■ The legal axiom that solves this case is, equity will not make a contract for the parties, when they themselves have not agreed. *Bohlken v. Monsees*, 655 S.W.2d 604, 607 (Mo.App.W.D.1983). The most basic elements of a contract are: offer, acceptance, and consideration. To constitute an offer sufficient to result in a contract, the offer must be so definite in its terms, or require such definite terms in its acceptance, that the promises and performances to be rendered by each party are reasonably certain. *Osage Homestead, Inc. v. Sutphin*, 657 S.W.2d 346, 352 (Mo.App.E.D.1983) (citing *Brown v. Childers*, 254 S.W.2d 275, 280[2] (Mo.App. 1953)). The standard of proof required for an oral contract to make a testamentary disposition of real property is clear, cogent and convincing evidence. *Osborn v. Boatmen's National Bank*, 811 S.W.2d 431, 434–435 (Mo.App.E.D.1991).

■ There is no question that Dorothy promised to will one-quarter of her one-half of the property to both Robert and Betty. However, no offer was ever made. Dorothy's promise to Robert and Betty was not an offer. It was a mere disposition to make a will for which Dorothy sought no consideration. This is insufficient to establish a contract to make a will. *Scheer v. Gerleman*, 221 S.W.2d 875, 881 (Mo.1949); *Feiden v. Gibson*, 218 S.W.2d 105, 107 (Mo.1949); *Sulgrove v. Sulgrove*, 215 S.W.2d 490, 491 (Mo. 1948); *Walker v. Bohannan*, 147 S.W. at 1028.

The first element of proof required for an oral contract to convey land as set out in *Walker v. Bohannan*, 243 Mo. 119, 147 S.W. 1024, 1028 (Mo.1912) is that "[t]he alleged oral contract must be clear, explicit, and definite." The alleged oral contract between Dorothy, Robert and Betty lacks this element of proof. There is no evidence that Dorothy promised to them that in consideration of not exercising any legal right they may have had, she would promise to devise one-quarter of the property to them. Robert and Betty never communicated to Dorothy the fact that they were not exercising their legal rights in exchange for Dorothy devising an interest in the property to them. There is no clear, explicit and definite offer. If there is no offer, it is impossible to find clear, cogent and convincing evidence that a contract existed.

■ Notwithstanding the fact there was no offer, Robert and Betty claim that their forbearance from bringing a suit in partition was sufficient consideration to support a contract. However, the facts of *Roth v. Roth*, 340 Mo. 1043, 104 S.W.2d 314, 316, 317 (1937), upon which they rely, are not applicable. In *Roth*, the party clearly communicated their act of forbearance from bringing a suit to set aside a conveyance. In *Elmore v. Wal–Mart Stores, Inc.*, 812 S.W.2d 178, 182 (Mo.App.E.D.1991), this court stated that in order to qualify as consideration, forbearance of bringing suit must be communicated to the

other party. Robert and Betty never communicated their forbearance to Dorothy. Thus, it cannot qualify as consideration.

■ The evidence suggests an extra-contractual remedy, for instance, a cause of action for promissory estoppel. Robert and Betty did not assert that remedy nor otherwise seek the efficacy of a noncontractual recovery. The theory at the claim proceeding was on contract. Judgment was entered on that theory. Appeal is on that theory. Robert and Betty have not even sought the effect of Rule 55.33(b) to conform the pleadings to the evidence. They are bound to this contract theory. A point not raised in the proceeding below may not be raised on appeal. *Bunting v. McDonnell Aircraft Corporation,* 522 S.W.2d 161, 168 (Mo. banc 1975); *Spychalski v. MFA Life Ins. Co.,* 620 S.W.2d 388, 395 (Mo.App.1981). *Walker v. Bohannan, supra,* requires that an oral contract to make a will be proved as plead. 147 S.W. at 1028. Because Robert and Betty have never asserted a promissory estoppel theory and the trial court found an actual contract, we cannot address any extra-contractual theory.

We hold that there was no oral contract to make a will ever created between Dorothy and Robert and Betty. Therefore, we hold that the judgment of the trial court should be reversed.

Due to our holding on appellant's first point, we do not need to address appellants' other points regarding the statute of frauds and adverse possession.

SMITH, P.J., and WHITE, J., concur.