SHERRILL v. AMERICAN WELL & PROSPECTING CO.　(No. 7300.)

(Court of Civil Appeals of Texas.　Dallas. May 8, 1915.)

1. MASTER AND SERVANT ⬤⇒185—INJURY TO SERVANT—LIABILITY.

Where an employé, without authority to employ or discharge men, but required to work as other men, permitted men to prepare to celebrate an incoming year by drilling a hole in a piece of iron to be filled with powder, and then taken out of the building and caused to explode, and while the men were at work explosion occurred in the building, injuring a coemployé remaining at work, the employer was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. ⬤⇒ 185.]

2. MASTER AND SERVANT ⬤⇒190—INJURY TO SERVANT—NEGLIGENCE.

Where a vice principal permitted men under him to load a "cannon" with powder to be taken out of the building and there exploded, but the "cannon" exploded within the building, injuring an employé remaining at work, there could be no recovery, because the accident was not within the contemplation of the vice principal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. ⬤⇒ 190.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by S. T. Sherrill against the American Well & Prospecting Company.　From a judgment for defendant, plaintiff appeals. Affirmed.

---

A. B. Geppert, of Teague, and Richard Mays, of Corsicana, for appellant. Davis & Jester and Callicutt & Johnson, all of Corsicana, for appellee.

RAINEY, C. J. Appellant instituted this suit against appellee, a corporation, to recover damages for personal injuries sustained through the alleged negligence of appellee; the allegations, in effect, being that appellant was an employé of appellee working under appellee's night foreman C. C. Hull; that while in the discharge of his duties, about 11:45 on the night of December 31, 1913, some of the employés had drilled a hole in a piece of iron to be filled with powder for the purpose of an explosion to celebrate the incoming year; that while said employés were filling said hole with powder in said building near where appellant was at work, and while tamping the powder with an iron rod, said powder was caused to explode, causing a small particle to fly from said iron and to strike appellant in the eye, destroying the sight thereof.

Appellee answered by general and special exceptions, admitted that appellant was an employé, denied that Hull had any right or authority to employ or discharge employés, his duties being to work as other employés, to keep them at work and supply them with new work as occasion required, but he had no authority to give permission, to direct or control any employé, to do the things alleged. It also denied that it closed down its machinery a few minutes before 12 o'clock to celebrate the incoming of the New Year, or that it was customary for it so to do, or that it engaged or aided in such celebration, on that occasion, but that, if any of the employés closed down their machines or quit work and aided in loading said iron for the purpose of taking part in said celebration, it was done of their own volition, and not in furtherance of appellee's business. It further alleged that appellant of his own accord joined in the spirit of the occasion, contributed thereto, and participated therein with full knowledge of what was going on.

After hearing the evidence, a verdict was instructed for appellee, and the appellant prosecutes this appeal.

The liability of appellee for the injuries sustained by appellant depends upon one issue, and that is: Was it negligent in failing to provide appellant a safe place to work at things for which he was employed, or, in other words, was the appellee liable under the circumstances for allowing some of its employés, who were not at the time engaged in the master's business, to drill a hole in a piece of iron and fill it with powder in a room of its plant where the iron accidentally exploded in the act of being charged with powder; said room being the one in which appellee was at work?

[1] The conclusions we have drawn from the evidence gleaned from the record are that appellee was operating a plant equipped with modern appliances, erected and maintained at great expense. There is no complaint of the erection of the plant nor the manner in which the machinery was installed or operated. The plant was operated by two shifts, one working during the day and one during the night. The president was on duty during the day; at night C. C. Hull was on duty. The president was absent from the plant on the night in question, knew nothing of what transpired at the plant, and Hull was on duty, but he had no authority to employ or discharge other workmen; his duty being to direct the other workmen, keep their time, and supply them with new work as pending work was finished. All of the employés were paid by the hour. Some of the employés desired to celebrate the incoming of the New Year. One of them early in the night of December 31st procured from the junk pile a piece of iron, cone-shaped, about eight inches high, about six inches in diameter at one end and eight inches in diameter at the other. One of the said party drilled a hole in this piece of iron, using his own time, and it was the understanding that this iron was to be loaded with powder, taken out on the railroad track some little distance from the plant, and exploded at the proper time. To this Hull consented. A few minutes before 12 o'clock these parties assembled in the operating room, where some of the employés were at work, and were proceeding to load the improvised "cannon" by putting the powder in and packing it with an iron tamp, when appellant left his work, went near the group, and warned them of the danger of using the iron tamp, and as he was turning away the explosion occurred, which explosion caused a particle of the iron to strike him in the eye and destroyed the sight thereof. Hull at that time was in an adjoining room partaking of his midnight meal. Appellant had not stopped work that night, did not participate in the celebration further than contributing a quarter that night to buy powder, but it was not used and was returned to him. The parties, in preparing the "cannon" and loading it, were not in the discharge of the master's business, but were using their own time and working for their own purpose.

We are of the opinion that the evidence fails to show any liability on the part of appellee. It is true that the law imposes the duty upon the master to furnish his employé a safe place to perform the work for which he is engaged, but it does not make him responsible for the acts of an employé when done by the employé while not engaged in the master's business, and within the scope of his employment. Railway Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; Railway Co. v. Cooper, 88 Tex. 607, 32 S. W. 517. Here the master was absent

and knew nothing about what the employés preparing for the celebration were doing.

[2] If it could be said that Hull was the vice principal and knew that they were loading the "cannon" at that particular place, it fails to show that the accident should have been contemplated. He expected the parties to have procured the explosion out on the railroad track, where it would have resulted in no harm.

In the Currie Case, supra, where the employé, while operating an instrument furnished by the master for use in its business, turned aside from the master's business and in sport by its use injured an employé, it was held that the master was not liable.

In this case the parties had turned aside and were engaged in a matter in no way connected with the master's business, but one of their own, and the injury resulting does not make the appellee liable. The appellant was not entitled under the facts to recover, and the court did not err in directing a verdict for appellee.

The judgment is affirmed.