Angela VALLEJO, Elizabeth Vallejo, Lewis L. Vallejo and Jacqueline Vallejo, Plaintiffs-Appellants,

v.

OSCO DRUG, INC., a corporation, Defendant-Respondent.

No. WD 39429.

Missouri Court of Appeals, Western District.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Application to Transfer Denied Feb. 17, 1988.

John C. Milholland, Anderson & Milholland, Harrisonville, for plaintiffs-appellants.

Randy W. James, John C. Risjord & Associates, Kansas City, for defendant-respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

TURNAGE, Presiding Judge.

The widow, child and parents of Paul Vallejo brought a common law action against Osco Drug, Advance Security and Marvin Duncan for the wrongful death of Paul Vallejo. The court entered summary judgment in favor of Osco and denominated the judgment as final for purposes of appeal. The action still pends against Advance and Duncan.

The contention on appeal is that Duncan was the alter ego of Osco and when he intentionally killed Vallejo such act was the act of Osco. Affirmed.

The petition alleged that Vallejo was working as the manager of an Osco Drug store in June of 1986. Osco had contracted with Advance Security to supply armed guards. One of the guards stationed by Advance was Marvin Duncan.

In June of 1986, Duncan conspired with an accomplice to stage a robbery of the store. During the robbery, Vallejo was

shot and killed with Duncan's gun. It was alleged that Duncan had pleaded guilty to a criminal charge of intentionally killing Vallejo.

It was further alleged that Osco had a duty to provide a safe place to work for Vallejo and to do this had hired Advance to police the store. The petition alleged that the duty of Osco to provide a safe workplace was nondelegable and that Duncan became the alter ego of Osco in the performance of his duty to keep the store safe. It was further alleged that when an employer acts through an alter ego to perform a nondelegable duty, the act of the alter ego is the act of the employer and not the act of the alter ego himself. It was pleaded that when Duncan intentionally killed Vallejo such intentional act was the act of Osco. It was further pleaded that because the act of killing Vallejo was intentional and was attributed to Osco a common law suit would lie against Osco since an intentional injury inflicted on an employee by an employer is not covered by workers' compensation laws.

The premise of the petition that an employer owes a duty to its employees to furnish a reasonably safe place in which to work is correct. *Hines v. Continental Baking Company, Inc.*, 334 S.W.2d 140, 146[2–5] (Mo.App.1960). However, an employer is not an insurer of the safety of the employee and the failure to exercise ordinary care to provide a safe workplace constitutes negligence. *Id.*

The further contention that the duty to furnish a reasonably safe workplace is one which cannot be delegated so as to relieve the employer from liability for the negligent performance of that duty is also correct. *Bender v. Kroger Grocery & Baking Co.*, 276 S.W. 405, 406[2] (Mo.1925). The significance of the nondelegable nature of the duty to provide a safe workplace has largely disappeared with the advent of the Workers' Compensation Law. Prior to the adoption of that law, it was important to determine whether negligence in furnishing a safe workplace was the act of a fellow employee, which barred a suit for damages, or was the act of the employer which would allow such a suit. Since the Workers' Compensation Law abolishes the defense of negligence by fellow servant, cases are few which discuss the nondelegable duty to furnish a safe workplace.

While it is true that Osco owed Vallejo a nondelegable duty to make the workplace safe, and that the act of an alter ego in making the workplace safe is the act of the employer, it does not follow that the intentional act of Duncan in killing Vallejo constituted an intentional act on the part of Osco. In *Gens v. Wagner Electric Mfg. Co.*, 31 S.W.2d 785, 787[1] (Mo.1930), the court considered a case in which an employee was knocked from her chair when another employee pushed or tilted her chair. There was an allegation that the floor was covered with dirt and grease but the court pointed out that the condition of the floor had nothing to do with the injury. The court held that the sole and proximate cause of the fall and injury was the act of the employee in tilting the chair and was entirely outside of the scope of the duties of that employee. The court held that there was no showing that the condition of the workplace contributed in any way to the injury.

In *Sherrill v. American Well & Prospecting Co.*, 176 S.W. 658 (Tex.App.1915), a group of employees with the consent of their foreman decided to make a homemade cannon to celebrate New Year's Eve. The employees were gathered in the workroom pounding gun powder into a piece of iron when the powder exploded and injured an employee. The court held that while the law imposes a duty on the employer to furnish a safe place to work for its employees it does not make the employer responsible for the acts of employees when such acts are not within the scope of employment and in the performance of the employer's business. *Id.* at 659. The court further held that even if the foreman had been the vice principal of the employer and had known that the employees were loading the cannon, the evidence fails to show that the accident should have been contemplated because the plan was to explode the cannon outside. *Id.* at 660[2]. The court held that because the injury arose from acts performed by parties who turned aside from the employer's business and were en-

gaged in an act on their own, the employer would not be liable for the injury.

In this case the allegation is that Duncan intentionally engaged in a robbery of the very store that he was hired to protect. There can be no question that he turned away from the duty he was hired to perform and engaged in conduct contrary to the purpose of his employment. The act of Duncan was clearly outside the scope of his employment and outside the performance of Osco's business. Further, the proximate cause of death was not the condition of the premises but the unlawful act of Duncan. For these reasons the act of Duncan could not be considered the act of Osco to constitute the infliction of an intentional injury on Vallejo by Osco.

The parties have briefed and argued the question of whether or not the killing of Vallejo is covered by the Workers' Compensation Law. That question is not presented and is not decided. The only question presented is whether or not recovery against Osco could be based on the common law theory pleaded. The summary judgment in favor of Osco is affirmed.

All concur.