Elizabeth VALLEJO by Conservator,
Jacqueline VALLEJO and Angela
Vallejo Davila, Appellants,

v.

OSCO DRUG, INC., Respondent.

No. WD 45306.

Missouri Court of Appeals,
Western District.

Feb. 2, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 30, 1993.

Application to Transfer Denied
May 25, 1993.

John C. Milholland, Anderson and Milholland, Harrisonville, for appellants.

Aaron N. Woods, Risjord & James, Overland Park, KS, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

This is an appeal of a declaratory judgment action wherein appellants requested the trial court to declare the meaning and application of the workers' compensation subrogation statute, § 287.150.2 RSMo 1986. Angela Vallejo Davila and Elizabeth Vallejo, an infant, by her duly appointed and acting Conservator, Jacqueline Vallejo, appeal from the trial court's judgment which held that 1) plaintiffs failed to state a claim in equity which would give the trial court jurisdiction to hear their claim; 2) exclusive jurisdiction over plaintiffs' claims rests in the Workers' Compensation Division; and 3) defendant's subrogation rights under § 287.150.2, RSMo 1986 are not defeated by the fact that the claims of the minor plaintiff and payment of benefits thereunder are liquidated but not payable until she reaches 18 years old.

Appeal dismissed.

On June 28, 1986, Paul Vallejo, an assistant manager for Osco Drug, Inc. ("Osco") was murdered while in the course and scope of his employment during an at-

tempted robbery perpetrated by a security guard, Marvin Duncan, and an accomplice. Advance Security, Inc. ("Advance") employed Marvin Duncan as a security guard and provided his services to Osco by contract.

Paul Vallejo's survivors, his mother and father, Lewis Vallejo and Jacqueline Vallejo, his surviving spouse, Angela Vallejo, and his daughter, Elizabeth Vallejo, brought a wrongful death action against Osco, Advance, and Marvin Duncan seeking damages for Paul's death. The Vallejos alleged liability against Osco for the acts of the independent contractor, Marvin Duncan, in participating in the shooting of Paul Vallejo. In order to attempt to defeat the exclusivity of the jurisdiction of the Workers' Compensation Division, the Vallejos proposed the theory that Duncan's actions were the "intentional acts of Osco by alter ego." Osco answered the petition and defended by claiming that the petition failed to state a claim against Osco because the allegations were barred by the Workers' Compensation Act. On April 21, 1987, the trial court granted Osco's motion for summary judgment holding that the Vallejos' exclusive remedy against Osco was under Missouri Workers' Compensation Act. Plaintiffs were permitted an interlocutory appeal of this decision while claims against Advance and Duncan were pending. Plaintiffs appealed the trial court's summary judgment to this court, which affirmed the trial court. *Vallejo v. Osco Drug, Inc.,* 743 S.W.2d 423 (Mo.App.1987). Plaintiffs' motions for rehearing and transfer to the Missouri Supreme Court were denied in both courts.

On July 1, 1988, plaintiffs, Angela Vallejo Davila and Elizabeth Vallejo, filed their claim for compensation against Osco with the Missouri Division of Workers' Compensation. Meanwhile, on December 21, 1988, the plaintiffs in the wrongful death action in Jackson County Circuit Court entered into a substantial settlement agreement with defendant Advance. On December 9, 1988, shortly before their settlement with Advance, Osco's counsel asserted Osco's subrogation interests. Plaintiffs filed a separate petition for declaratory judgment in Pettis County Circuit Court on August 31, 1989, requesting the trial court to make a declaration of rights of the parties under the workers' compensation subrogation statute in light of the settlement of the wrongful death action against Advance.[1] The trial court granted Osco's motion for summary judgment holding *inter alia,* that the issues invoked were within the exclusive jurisdiction of the Workers' Compensation Division.[2] Plaintiffs appeal from the trial court's ruling.

▮▮▮ In determining whether a case is properly before this court, we consider whether entry of the judgment sought will have any practical effect on an existing controversy. *Kracman v. Ozark Elec. Coop., Inc.,* 816 S.W.2d 688, 690 (Mo.App. 1991). An appeal should be dismissed upon the occurrence of an event rendering the decision unnecessary. *Id.* Although an appeal is viable at its inception, it may become moot by an intervening event "which so alters the position of the parties that any judgment rendered becomes merely a hypothetical opinion." *Gilroy–Sims v. City of St. Louis,* 697 S.W.2d 567, 569 (Mo.App.1985).

▮▮▮ Subsequent to the trial court's decision dismissing plaintiffs' declaratory judgment action, the Workers' Compensation Division exercised jurisdiction over plaintiffs' claim and on March 18, 1992, issued a ruling finding that Osco was entitled to a credit based on the payments made or to be made to claimants as a result of the settlement of plaintiffs' suit against Advance. This court takes judicial notice of the decision of the Workers' Compensation Division (Injury Number 86–072912). It is well

---

1. Plaintiffs advanced creative arguments in the declaratory judgment action which were designed to defeat Osco's subrogation claim.

2. The trial court also gratuitously decided the substantive issue presented by the Vallejos concerning the application of the subrogation stat-

ute, holding that Osco's subrogation rights are not defeated by the fact that the benefits payable to the minor plaintiff under the structured settlement with Advance are not payable until the minor plaintiff reaches age 18.

established that the Division has *exclusive jurisdiction* over matters involving the Workers' Compensation Act. *See Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723, 726 (Mo.1982). The Workers' Compensation Division's ruling finding that Osco was entitled to a credit under the subrogation statute constitutes the kind of intervening event referred to in *Gilroy–Sims,* which effectively renders the issues on this appeal moot.

The Vallejos contend that the worker's compensation proceeding has no effect on their appeal because the Division of Workers' Compensation has no authority to construe the law, but only to apply the law. This argument is without merit. The Division has, in the proceeding in question, applied the law. If Vallejos contend the Division misapplied the law, their remedy is by way of appeal of that proceeding. Accordingly, the appeal is dismissed for lack of jurisdiction due to mootness.

All concur.