Angela **VALLEJO–DAVILA** and Elizabeth Vallejo, Appellants–Respondents,

v.

**OSCO DRUG, INC.**, Respondent–Appellant.

Nos. WD 47821, WD 47845.

Missouri Court of Appeals, Western District.

Jan. 25, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1994.

Application to Transfer Denied April 26, 1994.

John C. Milholland, Harrisonville, for appellants-respondents.

Thomas V. Clinkenbeard, Kansas City, for respondent-appellant.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

At issue in this appeal is the amount of workers' compensation benefits which should be awarded to the widow and child of an employee killed in the robbery of a retail store where he worked. The widow and child appeal the Labor and Industrial Relations Commission's award as insufficient, and the employer cross-appeals, claiming that the commission erroneously determined its subrogation interest. We affirm in part and reverse and remand in part.

Paul Vallejo was working as an assistant manager at an Osco Drug, Inc., store on June 28, 1986, when he was killed during an armed robbery. A security guard at the store and an accomplice were charged with the crimes. The guard, employed by Advance Security, Inc., worked at the store pursuant to a contract between Advance and Osco.

Surviving Vallejo were his wife, Angela, and his daughter, Elizabeth, born on October 24, 1983. Angela Vallejo remarried on December 17, 1988.[1]

---

1. For the reader's benefit, we refer to Angela and Elizabeth as the Vallejos, although Angela has remarried and uses the surname, Vallejo–Davila.

A couple of weeks after Vallejo's death, Osco's insurer told the Vallejos' attorney that it was willing to pay workers' compensation to the Vallejos. The Vallejos' attorney asked the insurance company to withhold paying any benefits because the Vallejos were considering suing Osco. On July 24, 1986, the insurance company sent a letter to the Vallejos' attorney advising him to contact it when the Vallejos decided how they were going to proceed with the case. The insurance company received no response to the letter.

On August 15, 1986, the Vallejos and Paul Vallejo's parents filed a wrongful death action against Osco and Advance Security in the Jackson County Circuit Court. On March 13, 1987, Osco filed a motion for summary judgment on the ground that the Missouri Division of Workers' Compensation had exclusive jurisdiction over any actions for damages resulting from Vallejo's death. The trial court granted summary judgment on April 30, 1987, and this court affirmed in *Vallejo v. Osco Drug, Inc.*, 743 S.W.2d 423 (1987).

On December 21, 1988, the Jackson County Circuit Court approved a settlement of the case against Advance Security. The settlement provided for a lump sum payment of $230,224 and for future benefits. The court divided the lump sum by designating $225,000 for attorneys' fees, $3194.36 for litigation expenses, and $2029.64 to Angela Vallejo. Advance Security also purchased an annuity for future benefits for the Vallejos.

In the meantime, on June 27, 1988, the Vallejos filed a claim, as Paul Vallejo's dependents, with the Division of Workers' Compensation for death benefits. In March 1989, the Vallejos' attorney advised the administrative law judge that the Vallejos had a case pending in circuit court against Osco and wanted to resolve that matter prior to the workers' compensation case. Osco advised the judge in March 1989 that it was willing to pay death benefits.

On August 31, 1989, the Vallejos filed a petition for declaratory judgment in the Pettis County Circuit Court requesting the trial court to make a declaration of rights of the parties under the workers' compensation subrogation statute in light of the settlement with Advance Security. The Vallejos contended: (1) Osco was equitably barred from its claim of statutory subrogation; (2) Osco had no subrogation set-off against the installment payments to Elizabeth Vallejo; (3) Osco had no set-off to its obligation to pay the widow's lump sum upon Angela Vallejo's remarriage; and (4) installment payments for which Angela Vallejo became ineligible because of her remarriage must be paid to Elizabeth Vallejo. Osco filed a motion to dismiss the Vallejos' declaratory judgment action asserting lack of jurisdiction. The Pettis County Circuit Court denied the motion to dismiss but invited the parties to file motions for summary judgment.

On July 3, 1991, the trial court granted Osco's motion for summary judgment. The trial court stated:

1) [The Vallejos] have failed to state a claim in equity which would give rise to jurisdiction in this court.

2) Exclusive jurisdiction over the issues and claims [the Vallejos] seek to raise in their petition lies in jurisdiction of Workers Compensation Division.

3) The fact that the claim of [Elizabeth Vallejo] and payment of benefits to her thereunder are liquidated but not payable until she attains 18 years of age does not defeat subrogation rights under provision of Sec 287.150.2 RSMO.

On September 24, 1991, the Vallejos appealed the circuit court's granting summary judgment to this court. On February 2, 1993, this court dismissed the appeal for mootness. *Vallejo v. Osco Drug, Inc.*, 851 S.W.2d 533 (1993). We stated:

Subsequent to the trial court's decision dismissing [the Vallejos'] declaratory judgment action, the Workers' Compensation Division exercised jurisdiction over the [Vallejos'] claim and on March 18, 1992, issued a ruling finding that Osco was entitled to a credit based on the payments made or to be made to claimants as a result of the settlement of [the Vallejos'] suit against Advance.... The Workers' Compensation Division's ruling finding that Osco was entitled to a credit under the subrogation statute constitutes [an] in-

tervening event ... which effectively renders the issues on this appeal moot.[2]

*Id.* at 534–35.

The administrative law judge issued his findings of fact and conclusions of law on March 18, 1992. He found that Osco had a subrogation interest in the third party recovery from Advance Security and that the Vallejos were not entitled to interest on past due benefits. The Vallejos sought review of the decision with the Labor and Industrial Relations Commission. The commission issued its decision on April 15, 1993. It agreed with the administrative law judge that Osco was entitled to a credit for the third party recovery, but it held that the credit was limited to the cost of the annuity for Elizabeth Vallejo. The commission also agreed that the Vallejos were not entitled to interest on past due benefits. The Vallejos appeal, and Osco cross-appeals.

In their first point on appeal, the Vallejos assert that the commission acted unlawfully, in excess of its powers, by construing the workers' compensation subrogation statute. That statute provides:

> When a third person is liable for the death of an employee and compensation is paid or payable under this chapter, and recovery is had either by judgment or settlement for the wrongful death of the employee, subject to subsection 3 of this section, the employer shall receive or have credit for all sums paid or payable under this chapter to any one or all of the dependents of the deceased employee to the extent of the settlement or recovery for the wrongful death, whether or not one or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one or all of the dependents could have maintained the action or claim for wrongful death.

Section 287.150.2, RSMo Supp.1992. The Vallejos assert:

> The statute states that workers' compensation benefits shall be reduced by "the

extent of the settlement or recovery for the wrongful death", being a reference to the wrongful death statute and being language which was unambiguous when enacted since at that time the workers' compensation "dependents" were the identical persons who were entitled to sue for wrongful death. But, that phrase became uncertain when the law changed in 1979 to permit non-dependent parents and adult children also to share in the "settlement or recovery for the wrongful death", a change which required "construction" of the subrogation statute to know whether compensation payments shall be reduced only by the amount the dependents themselves receive for the wrongful death or shall be reduced by the total amount of the "settlement or recovery for the wrongful death", including the amount received by non-dependent parents and adult children, as the statute facially declares.

The commission did not find that Osco was entitled to subrogation as to the total amount of the settlement (i.e., the settlement amount given to the parents), and Osco admits in its brief that it "voluntarily waived" any argument that it was entitled to subrogation of the entire settlement. Osco recognizes that it is entitled to a credit, if at all, only as to that portion of the settlement intended to benefit the employee's dependents. Hence, although it is unnecessary for us to consider the merits of the Vallejos' first contention of error, we conclude that the commission did not err in "reaching a decision" on the subrogation statute.

The law is well settled that exclusive subject matter jurisdiction is vested in the Division of Workers' Compensation on all issues governed by the Missouri Workers' Compensation Act. *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160–61 (Mo. banc 1991). The Division of Workers' Compensation has the duty to rule upon every issue which pertains to a determination of liability under the Act. *Harris v. Pine Cleaners, Inc.,* 296

---

**2.** The Vallejos contended that the workers' compensation proceeding had no effect on their appeal because the Division of Workers' Compensation did not have the authority to construe the law—that it could only apply the law. We noted gratuitously that the Division had applied the law, and if the Vallejos contended that the Division misapplied the law their remedy was by way of appeal of that proceeding.

S.W.2d 27, 30 (Mo. banc 1956). The division and commission, here, merely applied § 287.-150.2. As stated in *Bridge Data Company v. Director of Revenue*, 794 S.W.2d 204, 207 (Mo. banc 1990), an administrative agency, by resorting to the statutes, "has full authority to reach a decision on the law as it finds it, subject, of course, to judicial review."

■ The Vallejos complain in their brief that Elizabeth Vallejo never received money in the amount of the cost of the annuity and that Osco never paid for the annuity. They assert that the commission construed the subrogation statute "to be reduced by the cost of an annuity purchased **by the third party for its own benefit** to generate the money necessary for the third party to pay for the child's education adjudged to be due and payable by third party AFTER the child's entitlements to workers compensation benefits shall have expired by lapse of time[.]"[3] The Vallejos contend that "if Osco receives subrogation in the amount of the cost of the annuity, then the child will receive neither compensation nor damages in that amount." These contentions of error, however, were not put forth in the Vallejos' point relied on. Errors raised for the first time in the argument portion of the brief and that are not raised in the point relied on need not be considered by us. *Berger v. Huser*, 498 S.W.2d 536, 539 (Mo.1973).

■ Next, the Vallejos contend that Osco's claim for subrogation is barred by the compulsory counterclaim rule because Osco failed to plead subrogation as a counterclaim in the wrongful death action. See Rule 55.32(a). We disagree.

The Vallejos fail to cite a single case holding that where an employer is improperly joined in a wrongful death action and the employer does not assert its right to subrogation but is released from that litigation based on lack of subject matter jurisdiction, the employer is later barred from asserting its subrogation rights in a workers' compensation proceeding. We conclude that Osco did not waive its subrogation rights by failing to assert them as a counterclaim before a court which lacked subject matter jurisdiction over it.

■ Finally, the Vallejos assert the commission erred in not awarding them interest on past due compensation and on the unpaid widow's lump sum remarriage benefit. The commission concluded that "when benefits are tendered to the dependents but rejected pending the outcome of the third party lawsuit, the employer/insurer have made a good faith effort to comply with the workers' compensation law. They should not be penalized by the imposition of interest on the award." We agree with the commission.

The evidence established that within a couple of weeks of Vallejo's death, the Vallejos attorney advised Osco's insurer not to pay any benefits because the Vallejos intended to pursue an action in circuit court against Osco. Further, minute sheets from scheduled workers' compensation settings show that Osco's attorney announced at the March 1989 hearing that Osco was willing to pay benefits. A tender to pay a legal obligation stops damages from occurring and interest for delays in payment. *Willis v. American National Life Insurance Company*, 287 S.W.2d 98, 108 (Mo.App.1956). The Vallejos' contention is without merit.

■ In its cross-appeal, Osco contends that the commission erred in awarding a credit in an amount less than the purchase price for the third-party annuity. The commission limited Osco's subrogation credit to the cost of the annuity for Elizabeth Vallejo and did not give Osco a credit for the entire purchase price of the annuity.

The commission relied on *Masters v. Southwestern Greyhound Lines, Inc.*, 205 S.W.2d 882, 886 (Mo.App.1947), for the principle that where a widow has remarried, the insurer cannot charge the third party payment to the widow against the compensation amount due to a minor child. That was true of § 3699, RSMo 1939, the subrogation statute construed by the *Masters* court. That statute, however, has been supplanted by § 287.150.2 which provides that the employer is entitled to a credit for "all sums paid ... to any one or all of the dependents of the

---

3. The emphasis was in the original.

**516**

deceased employee to the extent of the settlement or recovery for the wrongful death[.]" The employer is entitled to the credit "whether or not one or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one or all of the dependents could have maintained the action or claim for wrongful death." This amendment was to correct the situation created by *Masters.* See Seldon E. Brown, Subrogation in the Missouri Workmens' Compensation Act—Section 287.150, 26 Mo.L.Rev. 336, 343 (1961). We conclude the commission erred in finding that the third party recovery provided to Angela Vallejo and to Elizabeth Vallejo could not be added for the purposes of determining Osco's subrogation amount. Thus, we remand to the commission to figure the workers' compensation benefits in accordance with this opinion.

All concur.