Gary D. HARPER, d/b/a Harper's Market, Successor to Joan M. Harris, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 76340.

Supreme Court of Missouri, En Banc.

March 22, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gretchen Garrison Hunter, Asst. Atty. Gen., Jefferson City, for appellant.

Mark French, Charleston, for respondent.

THOMAS, Judge.

The Director issued an assessment of unpaid sales and use tax to Harper. Harper appealed the assessment to the Administrative Hearing Commission (AHC). The AHC found in Harper's favor, and the Director now petitions this Court for review. We affirm.

I.

Harper owns and operates Harper's Market. He purchased inventory of the former Harris Market and, on November 30, 1992, began leasing the building where Harris Market had been located. On January 5, 1993, the Director issued to Harper, as successor to Harris, an assessment of unpaid sales and use tax of Harris for the period from March 1992 through October 1992.

Harper appealed the assessment to the AHC. The AHC concluded that, under sec-

tion 621.050.2(2), RSMo Supp.1993, the Director has the burden to prove the liability of the taxpayer as a successor. The AHC further concluded that, to prove successor liability pursuant to section 144.150.3, RSMo Supp.1993, the Director must show successorship status and a failure to withhold a sufficient amount of the purchase money to cover any unpaid taxes.

The AHC found that the Director had proven Harper's successorship status by showing the purchase of inventory, but had not offered any evidence that Harper had failed to withhold. Therefore, the AHC concluded that the Director had failed to prove that Harper was liable for the unpaid taxes of Harris.

## II.

■ This Court reviews Administrative Hearing Commission decisions that interpret revenue law *de novo.* *Oakland Park Inn v. Director of Revenue,* 822 S.W.2d 425, 425 (Mo. banc 1992). We affirm such decisions if they are supported by the law and the evidence. *Id.*

## III.

■ The issue that the Director presents for our review is whether, to establish liability under section 144.150.3, RSMo Supp.1993, the Director must prove that a successor failed to withhold money from the purchase price sufficient to satisfy unpaid taxes. The Director contends that her burden ends once she has established that the taxpayer is a successor. This contention is contrary to the plain language of the statute. The Director further argues that requiring her to prove that the successor did not withhold will defeat the purpose of the statute by allowing successors to avoid payment of the tax by withholding. Our decision is consistent with both the language and the purpose of the statute.

Section 144.150.3, RSMo Supp.1993, reads as follows:

3. Except as provided in subsections 4, 5 and 6 of this section, all successors, if any, shall be required to withhold sufficient of the purchase money to cover the amount of such taxes and interest, additions to tax or penalties due and unpaid until such time as the former owner or predecessor, whether immediate or not, shall produce a receipt from the director of revenue showing that the taxes have been paid, or a certificate stating that no taxes are due. If the purchaser of a business or stock of goods shall fail to withhold the purchase money as above provided, the purchaser shall be personally liable for the payment of the taxes, interest, additions to tax and penalties accrued and unpaid on account of the operation of the business by the former owner and person.

■ The statute clearly states that "[i]f the purchaser of a ... stock of goods shall fail to withhold ..., the purchaser shall be personally liable." *Id.* The failure to withhold is a condition of personal liability. The Director did not establish that Harper had not withheld. Therefore, the Director failed to establish one of the essential elements of her case. Harper was not personally liable under the statute, and the Director cannot proceed against him by assessment.

## IV.

The reason for withholding a portion of the purchase price is to provide a fund from which any unpaid taxes may be paid. *Gammaitoni v. Director of Revenue,* 786 S.W.2d 126, 129 (Mo. banc 1990). If there is no withholding, then there is no fund from which to pay any unpaid taxes, and the statute gives the Director the avenue of personal liability of the successor to attempt to collect the taxes. If the Director is successful in establishing the personal liability of the successor, then the Director can proceed against the successor by way of assessment. If there has been a withholding, there is a fund available to pay the taxes, and there is no need for personal liability of the successor. The Director may proceed against this fund in an action at law or other appropriate collection proceeding. Because this remedy is available, there is no need to read into the statute that the successor is personally liable regardless of whether there was a withholding.

## V.

The decision of the Administrative Hearing Commission is affirmed.

All concur.