**Angela VALLEJO–DAVILA**
**and Elizabeth Vallejo,**
**Appellants,**

v.

**OSCO DRUG, INC., Respondent.**

**No. WD 49745.**

Missouri Court of Appeals,
Western District.

Jan. 10, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1995.

Application to Transfer Denied
April 25, 1995.

---

John C. Milholland, Anderson & Milholland, Cenobio Lozano, Harrisonville, for appellants.

Thomas Clinkenbeard, Evans & Dixon, Kansas City, for respondent.

Before FENNER, C.J., and HANNA and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

This case involves a claim by Elizabeth Vallejo for workers' compensation benefits for the death of her father, Paul Vallejo. Mr. Vallejo was shot and killed in 1986 during the course of a robbery of the Osco store at which he worked. A security guard supplied to the store by Advance Security Company was one of those charged with the crime.

This marks the fourth occasion on which this Court has been required to rule on issues relating to recovery for Mr. Vallejo's death by his widow, Angela Vallejo–Davila,[1] or his daughter, Elizabeth Vallejo ("the Vallejos").[2] At issue in this particular appeal is whether Elizabeth has a right to again raise the issue of Osco's right to subrogation for the full cost of an annuity which Advance Security purchased in 1986 in settlement of a wrongful death suit brought against it by Elizabeth and Angela Vallejo. Elizabeth asks us to reverse the Labor and Industrial Relations Commission's finding that Osco is entitled to a credit against Elizabeth's workers' compensation benefits for the full amount which Advance Security paid for the annuity for both Elizabeth and Angela.

Osco suggests that this Court has already resolved this and related issues against the Vallejos on one or more of the three prior occasions that the Vallejos have appealed to this Court. Osco asserts the issues are thus either res judicata or law of the case, and that the judgment should be affirmed. Osco also requests sanctions against appellant under Rule 84.19 for filing a frivolous appeal.

The facts and procedural history of the Vallejos' claims are set forth in great detail in the three prior appellate opinions in this case. *See* note 2 *supra.* They will be repeated here only insofar as is necessary to provide a context for determining whether the issues raised are properly before the Court, whether they have been determined by this Court on prior appeals, and whether sanctions should be awarded for filing a frivolous appeal.

## I. PROCEDURAL BACKGROUND

In 1986, Angela and Elizabeth Vallejo filed their wrongful death suit against both Advance Security and Osco. The Vallejos ultimately reached a substantial settlement with Advance Security, which included purchase of a large annuity for them. Osco was granted summary judgment on the Vallejos' claim against it on the basis that, because Mr. Vallejo was Osco's employee, the Vallejos' only claim against Osco was under the Workers' Compensation Act. That judgment was affirmed on appeal. *Vallejo v. Osco Drug, Inc.,* 743 S.W.2d 423 (Mo.App.1987).[3]

In June 1988, the Vallejos filed a workers' compensation claim against Osco. Osco admitted the Vallejos were entitled to benefits, but Osco claimed a set-off for its subrogation interest in the Vallejos' settlement with Advance Security. The Vallejos requested that the administrative law judge ("ALJ") delay ruling on the workers' compensation claim until certain issues were reached in a circuit court suit against Osco.

Presumably, the Vallejos were referring to a declaratory judgment action eventually filed against Osco in August 1989, to determine whether or not Osco had subrogation rights to some of the settlement proceeds

---

1. Mrs. Vallejo is remarried and is now Angela Vallejo–Davila.

2. The three prior appeals involving the right of the Vallejos to recover from Osco for the death of Mr. Vallejo are reported at *Vallejo v. Osco Drug, Inc.,* 743 S.W.2d 423 (Mo.App.1987); *Vallejo v. Osco Drug, Inc.,* 851 S.W.2d 533 (Mo.App.1993); and *Vallejo–Davila v. Osco Drug, Inc.,* 872 S.W.2d 511 (Mo.App.1994). The specific issues resolved in each prior appeal are noted later in

this opinion in the course of explaining the procedural history of this appeal.

3. The Vallejos had argued that their claim was not covered by the Act because it was a claim for an intentional tort by the guard and that Osco was vicariously liable for that tort. This Court agreed that intentional torts are not covered by the Act, but held that Osco could not be held liable for the guard's intention act as it was clearly committed outside the scope and course of his employment.

which the Vallejos had recovered in their wrongful death action against Advance Security.[4] The circuit court granted Osco's motion for summary judgment in the declaratory judgment action on the basis that exclusive jurisdiction of the Vallejos' claims against Osco was in the Workers' Compensation Division.

The Vallejos appealed the dismissal of their declaratory judgment action, claiming that Osco was not entitled to subrogation as to the prior settlement with Advance Security and that the circuit court had jurisdiction to determine this issue. While this appeal was pending, the ALJ in the workers' compensation case took up the Vallejos' claim (pending since June 1988) and determined that Osco was entitled to subrogation. Osco was given credit for the cost of the annuity purchased for Angela and Elizabeth by Advance Security.

Because the issue determined by the ALJ was identical to the subrogation issue raised on appeal of the dismissal of the declaratory judgment action, this Court dismissed the appeal of the declaratory judgment action as moot. *Vallejo v. Osco Drug, Inc.*, 851 S.W.2d 533 (Mo.App.1993). In *dicta*, however, this Court noted and specifically rejected the claim raised by the Vallejos that the Division decision was of no effect because it construed, rather than applied, the relevant workers' compensation law. *Id.* at 535. This Court further advised the Vallejos that if they believed that the Division had misapplied the law, their remedy was to appeal the Division's decision, not to pursue their declaratory judgment action. *Id.*

The Vallejos appealed the ALJ's determination to the Labor and Industrial Relations Commission. The Commission agreed that Osco was entitled to credit for the amount which Advance Security had paid in settlement to buy an annuity for the daughter, Elizabeth Vallejo, but found that no subroga-

tion existed as to the amount paid for the portion of the annuity which benefitted the widow, Angela Vallejo.

The Vallejos appealed the Commission's ruling to this Court, and Osco cross-appealed. The Vallejos argued that the Commission erred in finding that Osco was entitled to *any* subrogation. Their brief's Points Relied On basically alleged the following three errors:

(1) that the Commission erroneously construed the applicable law, and that this was beyond its authority as it could only apply the law;

(2) that Osco's subrogation claim was barred because it was a compulsory counterclaim in Osco's wrongful death action that was not asserted in that action; and

(3) that the Vallejos should have been awarded interest on the award of benefits.

In its cross-appeal, Osco claimed that it was entitled to a set-off for the entire amount paid for the annuity for both Elizabeth and Angela Vallejo, and not just for the cost of the portion of the annuity which benefitted Elizabeth.

This Court rejected the Vallejos' three Points, determining that: (1) the Commission had applied, not construed, the law; (2) Osco had no obligation to file a counterclaim for subrogation in the wrongful death suit, as that court had no jurisdiction over it since plaintiffs' sole remedy against Osco lay before the workers' compensation division; and (3) the Vallejos were not entitled to interest. *Vallejo–Davila v. Osco Drug, Inc.*, 872 S.W.2d 511, 514–15 (Mo.App.1994).

This Court also granted Osco's cross-appeal. It found that, under the statute as then written, Osco was entitled to subrogation for the full amount of the annuity, not merely for the amount paid for that portion of the annuity covering Elizabeth's benefits. *Id.* at 515–16.[5]

---

4. This is unclear. The wrongful death suit against Osco had already been concluded but the declaratory judgment action had not yet been filed. We are not aware of any suit actually pending at the relevant time.

5. The statute has since been changed to cap the amount which the employer can recover in sub-

rogation from any particular beneficiary at the amount which that beneficiary has received in settlement or judgment. However, as written at the time applicable to this case, the statute contained no such limit. *Compare* section 287.150, RSMo 1993 with section 287.150, RSMo 1986.

In reaching these determinations, this Court noted that full authority is vested in the Division as to "all issues governed by the Missouri Workers' Compensation Act", 872 S.W.2d at 514. This Court also stated that the Division "has the duty to rule upon every issue which pertains to a determination of liability under the Act," *id.*, and that "an administrative agency, by resorting to the statutes, has full authority to reach a decision on the law as it finds it, subject, of course, to judicial review." *Id.* at 515.

This Court then remanded to the Commission with specific instructions that the Commission "figure the workers' compensation benefits in accordance with this opinion." *Id.* at 516. As noted by Osco, on remand, the Commission did exactly as instructed, and did only as instructed. It took no new evidence, held no new hearing, and issued no new findings. It did nothing other than make the calculation required by this Court as to the amount of credit against Elizabeth's future compensation which Osco was entitled to receive.

## II. NO NEW, MERITORIOUS ISSUES ARE RAISED IN THE CURRENT APPEAL

■ Elizabeth then filed the current appeal. She does not, on this appeal, challenge the correctness of the Commission's calculation of the amount of credit to which Osco is entitled, nor does she argue that the Commission otherwise failed to comply with this Court's order on remand. Instead, on this appeal Elizabeth again raises the very issues which she and her mother Angela raised in their prior appeal, and which were specifically and finally determined adversely to them in this Court's opinion issued in January 1994 and reported at 872 S.W.2d at 511–516.[6]

Specifically, Elizabeth sets out three arguments in her Points Relied On that: (1) "Osco's claim for subrogation is barred by law under the compulsory counterclaim Rule;" (2) the Commission erred in construing the law governing this claim in a way contrary to the governing law whereas it is permitted only to apply existing law; and (3) the amount of subrogation set-off against

workers' compensation benefits exceeds the amounts which Elizabeth has or will herself receive from the settlement from Advance Security, and hence is unsupported by the law or the evidence and must be reversed.

As is evident, Points I and II are indistinguishable in substance from Points I and II of appellant's brief in the appeal decided adversely to her in January 1994. Point III substantively mirrors the Point decided adversely to her in Osco's cross-appeal. *See Vallejo–Davila*, 872 S.W.2d at 512–15.

■ As Osco notes in its responsive brief, this appeal is thus: "nothing more than a blatant attempt to re-litigate and re-argue the same points that were previously presented and rejected in *Vallejo [v. Osco Drug, Inc.]*, supra [872 S.W.2d 511] [ (Mo.App. 1994) ], and indeed, originally in *Vallejo vs. Osco Drug, Inc.*, 851 S.W.2d 533 ( [Mo.App.] 1993)." Because none of appellant's Points Relied On raise any issue not raised and determined against appellant in her prior appeals, Osco argues that each is barred by the "law of the case" doctrine.

We agree. The law of the case doctrine:

[G]overns successive appeals involving the same issues and facts. Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings in the same cause. *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 738 (Mo.App.1988). Its operation precludes re-examination of issues decided in the original appeal.

*McClelland v. Ozenberger*, 841 S.W.2d 227, 231 (Mo.App.1992).

■ As *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735 (Mo.App.1988), also notes, "[t]he law of the case doctrine is more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice." *Id.* at 738. The doctrine provides a measure of consistency and finality which the parties have a right to rely on. For this reason, a prior decision governs, with rare exceptions not applicable here, in both the lower courts and in "the appellate court itself

---

6. Mr. Vallejo's widow, Angela Vallejo–Davila,

has not joined in the current appeal.

which rendered such decision upon a subsequent appeal to it upon the same point." *Id.*

■ Although not required to do so, we have examined the argument section of appellant's brief to see if it raises any new or meritorious issues not set forth in her Points Relied On. She does offer a new twist on her argument that the Commission acted outside its jurisdiction because it construed rather than applied the workers' compensation law. She suggests, without any supporting authority, that, because the Commission can only decide issues of fact and cannot construe issues of law, and because this case is a direct appeal from the Commission's decision, this Court's jurisdiction is equally limited, and thus, like the Commission, this Court can decide only issues of fact, and cannot construe issues of law.

First, inasmuch as we have already rejected the argument that the Commission construed rather than applied the law, this argument has no merit. Even more importantly, however, it is patently meritless to argue that this Court cannot determine issues of law on appeal from a decision by the Commission. The very constitutional provision relied on by appellant states:

> All final decisions, findings, rules and orders of any administrative officer or body ... shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law....

Mo. Const. art. V, § 18.

This provision on its face gives the courts authority to determine issues of law on appeal from decisions of the Commission. That authority is codified in section 287.495, RSMo 1986, which states that appeals shall be taken to the court of appeals and that "[t]he court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the

following grounds ...". In accordance with their statutory authority, the courts of appeals have determined issues of law on appeal.[7]

In light of the clear authority of this Court to determine legal issues on appeal from the Commission, appellant's argument that this Court has no jurisdiction to decide the subrogation rights of Osco is patently meritless.

### III. SANCTIONS

■ As noted earlier, respondent Osco has moved for sanctions against appellant, arguing that this appeal is so devoid of merit that it is frivolous and subject to sanctions under Rule 84.19. Rule 84.19 states:

> If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper.

An appeal is frivolous if it presents "no justiciable question and [is] so readily recognizable as devoid of merit on [the] face of the record that there is little prospect that it can ever succeed." *Estate of Voegele*, 805 S.W.2d 177, 179 (Mo.App.1990) (awarding sanctions for violation of Rule 84.19 in an appeal which raised issues which, like here, were previously decided adversely to appellant or which were otherwise entirely without merit).

We agree with respondent that this appeal is frivolous in its entirety. Each of the issues raised in appellant's Points Relied On was specifically decided adversely to appellant on her prior appeal of this action and each is clearly and unequivocally barred by the law of the case doctrine. The argument that this Court has no jurisdiction to decide issues of law on appeal is without support in existing law or in a good faith argument for the extension, modification or reversal of existing law or the establishment of new law. We therefore hold that sanctions should be awarded under Rule 84.19.

---

**7.** *See, e.g., Johnson v. Evans & Dixon*, 861 S.W.2d 633, 635 (Mo.App.1993) ("We review questions of law only, and may modify, reverse, remand for rehearing, or set aside an award only if...."). *Cf. Oakland Park Inn v. Director of Revenue*, 822 S.W.2d 425 (Mo. banc 1992) ("This Court has exclusive appellate jurisdiction in the construction of Missouri revenue laws. Mo. Const art. V, § 3. The Court reviews decisions of the Administrative Hearing Commission that interpret revenue law *de novo....* This Cou[rt] should affirm the decision of the Commission if it is 'supported by the law and competent and substantial evidence on the whole record, and ... not clearly contrary to the reasonable expectations of the General Assembly.' ").

 

 In determining the amount of sanctions to award, and against whom they should be awarded, we keep in mind that the purpose of Rule 84.19 is:

> to prevent appellate dockets from being cluttered with meritless appeals at the cost of delaying those which have merit; and second, to compensate respondents for the costs of responding to meritless appeals.

*Voegele,* 805 S.W.2d at 179–80.

In this case, respondent has been forced to file an unnecessary brief and motion on appeal and to appear for argument. His client has been forced to bear these expenses, as well as to undergo unnecessary delay in final determination of this case, and this Court's docket has been cluttered by a needless appeal. We determine that an appropriate monetary sanction is $2,000.00. *See Vanschoiack v. Adkins,* 854 S.W.2d 432, 437 (Mo. App.1993).

■ We have authority to assess these sanctions against either appellant herself or against her counsel. *Voegele,* 805 S.W.2d at 180; *Jones v. Kansas City Area Transp. Authority,* 769 S.W.2d 145 (Mo.App.1989). When monetary sanctions are assessed under Rule 55.03(b) for the filing of claims and other legal contentions which are unwarranted "by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law", Rule 55.03(c)(2)(A) requires that the assessment be made against the attorney, not the client. This is because it is normally the attorney, not the client, who decides what legal arguments to make. We believe it is appropriate, by analogy to Rule 55.03, that the full amount of the sanctions in this case be paid by counsel.[8]

For the reasons just stated, we affirm the decision of the Commission. It is further ordered that respondent's motion for sanctions is hereby sustained and appellant's attorneys are ordered to pay $2,000.00 directly to the attorney for respondent pursuant to Rule 84.19. Said payment must be made within fourteen days of the date of the issuance of the mandate by this Court. A re-

ceipt, signed by the attorney for respondent, must be filed with this Court on or before that date. Costs on appeal are to be borne by appellant.

All concur.

---

8. There are two counsel on appeal. They may divide payment of the sanction between themselves as they see fit, so long as the full amount of the sanction is timely paid to respondent.